STATE OF CONNECTICUT *v.* BENJAMIN GOLDSON

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued May 9—decision released July 17, 1979

*Jerrold H. Barnett,* public defender, with whom, on the brief, was *Richard L. Shiffrin,* assistant public defender, for the appellant (defendant).

*Paul E. Murray,* assistant state's attorney, with whom, on the brief, was *Francis M. McDonald, Jr.,* state's attorney, for the appellee (state).

PETERS, J. The defendant, Benjamin Goldson, was convicted by a jury of possession of heroin in violation of § 19-481 (a) of the General Statutes and of transportation of heroin in violation of § 19-480 (a). He was sentenced to consecutive terms totaling not less than eight nor more than fourteen years. The defendant appeals from the judgment rendered against him, arguing (1) the failure of the

state to prove beyond a reasonable doubt an essential element of the crime with which he was charged and (2) the illegality of the consecutive sentences on the two charges under the constitutional guarantee against double jeopardy.

The defendant's claim concerning the sufficiency of the evidence to convict him is neither procedurally nor substantively sustainable. Absent motions before the trial court either for a directed verdict or to set aside the verdict, this court ordinarily will not review claims of evidentiary insufficiency. Practice Book, 1978, § 3063; *State* v. *Zeko,* 176 Conn. 421, 426, 407 A.2d 1022 (1979); *State* v. *Evans,* 165 Conn. 61, 69–70, 327 A.2d 576 (1973). Even if we were inclined not to invoke this entirely salutary rule, the outcome would be the same. The evidence adduced at trial was more than ample, albeit circumstantial, to link this defendant to the heroin found in the hubcap of his Cadillac automobile. *Holland* v. *United States,* 348 U.S. 121, 139–40, 75 S. Ct. 127, 99 L. Ed. 150 (1954); *State* v. *Ruiz,* 171 Conn. 264, 276–77, 368 A.2d 222 (1976).

The defendant's second ground of appeal argues that it was constitutionally impermissible to convict him of both transportation and possession of heroin, because possession is a lesser included offense and the dual convictions therefore constitute a violation of the prohibition against double jeopardy. This claim also was only belatedly raised in this court, but since it involves a question of a fundamental constitutional right we will consider it. *State* v. *Evans,* supra, 70.

It is undisputed that double jeopardy attaches not only to separate trials but also to multiple punish-

ments for the same offense in a single trial. *Brown* v. *Ohio,* 432 U.S. 161, 165, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977); *North Carolina* v. *Pearce,* 395 U.S. 711, 717, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969). "The established test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment was stated in *Blockburger* v. *United States,* 284 U.S. 299, 304 [52 S. Ct. 180, 76 L. Ed. 306] (1932) : 'The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not . . . .' This test emphasizes the elements of the two crimes." *Brown* v. *Ohio,* supra, 166.

As the state points out, however, there are two separate although related issues to be resolved in applying the prohibition against double jeopardy. The first issue is whether the crimes arise out of "the same act or transaction." Only if that issue is resolved in the affirmative does the second issue, the distinction between the offenses, come into play.

On the first issue, we must refer to the language of the information against the defendant, as amplified by the bill of particulars. The state charged the defendant, in count one, with the crime of possession of narcotics, at Waterbury, on or about December 12, 1968, and in count two, with the crime of transportation of narcotic drugs to another, at Waterbury, on or about December 12, 1968. In response to a motion for a bill of particulars, the state revealed that the narcotic drug was heroin, and that both the possession and the transportation

occurred on December 12, 1968, at approximately 8 p.m. The charges, thus framed, clearly relate to the same act or transaction. The state's assertion that possession of the heroin may have continued beyond the time charged is not sufficient to alter this conclusion. In *Brown* v. *Ohio,* supra, the state of Ohio had charged the defendant with joyriding, i.e., with operating an automobile without the owner's consent, on December 8, 1973, and with theft of the same vehicle, on November 29, 1973. Despite a contrary ruling by the Ohio Court of Appeals, the United States Supreme Court decided (p. 169) that the defendant could not be convicted of both crimes simply "because the charges against him focused on different parts of his 9-day joyride. . . . The Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units." If separate charges explicitly addressing different temporal aspects of the same conduct do not avoid the double jeopardy clause, surely an information and bill of particulars stipulating a single date and time cannot do so.

The double jeopardy clause bars cumulative punishment for nominally distinct offenses arising out of the same transaction only if the two offenses are substantially the same. The second issue to be determined is therefore whether each count of the information against the defendant required proof of an additional fact which the other did not. It is clear, as *Brown* v. *Ohio,* supra, 168, holds, that if the two counts stand in the relationship of greater and lesser included offense, then "[t]he greater offense is . . . by definition the 'same' for purposes of double jeopardy as any lesser offense included in it."

The question then becomes whether, in the case before us, the crime of possession is a lesser included offense of the crime of transportation. Under the rules recently and regularly restated by this court, we "look only to the information and bill of particulars—as opposed to the evidence presented at trial—to determine what constitutes a lesser included offense of the offense charged." *State* v. *Troynack,* 174 Conn. 89, 96–97, 384 A.2d 326 (1977). "The test for determining whether one violation is a lesser included offense in another violation is whether it is possible to commit the greater offense, in the manner described in the information or bill of particulars, without having first committed the lesser. If it is possible, then the lesser violation is not an included crime." *State* v. *Brown,* 163 Conn. 52, 61–62, 301 A.2d 547 (1972); *State* v. *Ciotti,* 174 Conn. 336, 337, 387 A.2d 546 (1978); *State* v. *Neve,* 174 Conn. 142, 145, 384 A.2d 332 (1977); *State* v. *Brown,* 173 Conn. 254, 258, 377 A.2d 268 (1977); *State* v. *Ruiz,* 171 Conn. 264, 272, 368 A.2d 222 (1976).

The information and the bill of particulars in this case charged the defendant with possession and with transportation of narcotics at one and the same time and place, in Waterbury, on December 12, 1968, at approximately 8 p.m. Under these circumstances, the possession and the transportation, like the joyriding and the automobile theft in *Brown* v. *Ohio,* supra, 168, constitute " 'the same statutory offense' within the meaning of the Double Jeopardy Clause." The terms of this information and bill of particulars clearly distinguish the case from *State* v. *Brown,* 163 Conn. 52, 301 A.2d 547 (1972). There we held (pp. 62–63) that possession is not necessarily a lesser included offense within the offense

of sale, since "there is no requirement that one be in possession of goods or have control over them in order to sell them." Here, however, we cannot imagine, nor does the state suggest, how this defendant could be said to have been charged with transportation of heroin that he did not possess.

Since possession was therefore a lesser included offense, the defendant could not constitutionally have been convicted of both transportation and possession. The state intimates that the bar against double jeopardy does not apply to independent counts of a multiple-count information but that argument cannot survive the holding of *Brown* v. *Ohio,* supra, that even successive prosecutions of greater and lesser included offenses constitute double jeopardy.

There is error in part, the judgment as to count one is set aside and the case is remanded with direction to render judgment for the defendant on the first count of the information charging him with possession of heroin.

In this opinion the other judges concurred.