### STATE OF CONNECTICUT *v.* BAUDILIO AMARAL

COTTER, C. J., LOISELLE, BOGDANSKI, HEALEY and PARSKEY, Js.

240

Argued October 3—decision released November 20, 1979

*Richard Emanuel,* assistant public defender, with whom, on the brief, was *Enrico Vaccaro,* assistant public defender, for the appellant (defendant).

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the brief, were *Francis M. McDonald, Jr.,* state's attorney, and *Walter H. Scanlon,* assistant state's attorney, for the appellee (state).

PARSKEY, J. The defendant, after a trial to the jury, was convicted of three counts[1] of possession of heroin. One count charged simple possession in

---

[1] The defendant was charged in a six-count information and was convicted of five counts as charged and on a sixth count of a lesser included offense. Although in oral argument the defendant has attempted to sweep into this appeal challenges to the remaining three

violation of General Statutes § 19-481 (a), another charged possession with intent to sell in violation of § 19-480 (a) and a third charged possession with intent to sell by a non-drug-dependent person in violation of § 19-480a (b). From the judgment subsequently rendered the defendant has appealed, raising as a principal issue the trial court's treatment of the heroin offenses as three separate crimes. He also challenges certain evidentiary rulings.

On February 7, 1975, the Waterbury police, under the authority of a search warrant, searched the defendant's apartment in Waterbury and discovered in the attic hatchway to the apartment a narcotics cache consisting of ten aluminum foil bags of heroin, four hypodermic needles and a "cooker" along with a loaded .22-caliber revolver. An experienced undercover police operative testified that it is common practice for a dealer of narcotics to store a loaded weapon with his "stash" to protect himself in transactions with heroin users. It is also common practice for a seller to keep on hand the apparatus needed to inject heroin so that a prospective buyer might sample the narcotic in the presence of the seller in order to ensure that the heroin is of the promised quality. The seizure of the heroin on the date in question gave rise to the charges against the defendant.

The trial court instructed the jury to treat the heroin counts as three separate crimes. After conviction the defendant was sentenced to a term of not less than two nor more than five years' imprisonment on the simple possession count, to not less than

convictions, we do not consider them because he has not particularized those challenges in his brief. *Healy* v. *White,* 173 Conn. 438, 441, 378 A.2d 540 (1977).

eight nor more than fourteen years' imprisonment on the possession with intent to sell count and to not less than five nor more than ten years' imprisonment on the possession with intent to sell by a non-drug-dependent person count. The sentences on all three counts were to run concurrently. Although the defendant filed no request to charge, took no exception to the court's charge and raised no issue on his motion to set aside the verdict respecting the consideration of the heroin charges as separate crimes, we address this question because the court's treatment of the heroin counts as separate crimes violated the constitutional prohibition against double jeopardy. Thus, the record adequately supports a claim that the defendant has been denied a fundamental constitutional right and a fair trial; we review the claim under the doctrine of State v. Evans, 165 Conn. 61, 70, 327 A.2d 576 (1973).

The double jeopardy prohibition covers not only separate trials but also multiple punishments in a single trial. Brown v. Ohio, 432 U.S. 161, 165, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977); State v. Goldson, 178 Conn. 422, 423–24, 423 A.2d 114 (1979). Before the double jeopardy prohibition is triggered, however, it must appear not only that the crimes charged arose out of the same act or transaction but also they are substantially the same. State v. Goldson, supra.

The first condition is satisfied here by the fact that the three heroin counts are bottomed on a single act of possession alleged to have occurred on a single date and time. With respect to the second condition, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether

there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Blockburger* v. *United States,* 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932). In making this determination we look only to the information and the bill of particulars. *State* v. *Troynack,* 174 Conn. 89, 96–97, 384 A.2d 326 (1977). "The test for determining whether one violation is a lesser included offense in another violation is whether it is possible to commit the greater offense, in the manner described in the information or bill of particulars, without having first committed the lesser. If it is possible, then the lesser violation is not an included crime." *State* v. *Brown,* 163 Conn. 52, 61–62, 301 A.2d 547 (1972). Viewed schematically, a lesser included offense is a concentric circle within the greater offense whereas separate but overlapping offenses may be seen as intersecting circles. In the light of our recent decision in *Goldson,* the state concedes, as it must, that, applying the *Brown* test to the crimes involved here, a single offense consisting of varying degrees of possession of heroin has been charged. A person could not commit the greater offense of possession of heroin with intent to sell by a non-drug-dependent person without at the same time having committed the lesser offenses of possession with intent to sell and simple possession.

The state argues, however, that even if the court erred in treating the heroin charges as three separate offenses the error was harmless beyond a reasonable doubt because of the concurrent sentences imposed. The state's argument is not persuasive. The defendant received a sentence of five to ten years' imprisonment on the greater offense, possession with intent to sell by a non-drug-

dependent person, and a more severe sentence of eight to fourteen years' imprisonment on the lesser included offense, possession of heroin with intent to sell. Although ordinarily the double jeopardy issue has been raised in situations involving cumulative, consecutive sentences, it could hardly be contended that in this case the defendant did not receive additional punishment for a single offense. That the court might have imposed the greater penalty on the greater offense is immaterial. The constitutional protection against double jeopardy does not rise or fall on such speculations.

We deal briefly with the defendant's attack on certain evidentiary rulings. The defendant took the stand and testified in his own defense. On direct examination he admitted his prior felony convictions including several involving the sale of heroin. On cross-examination the state's attorney was permitted to explore these convictions in some detail. There was no error in this ruling. The convictions having come before the jury through the defendant, their repetition could hardly support a claim of prejudice. The trial court is allowed a liberal discretion in fixing the limits of cross-examination. *State* v. *Croom,* 166 Conn. 226, 231, 348 A.2d 556 (1974).

There were several rulings pertaining to prior sales of heroin by the defendant. Although evidence of guilt of crimes other than the one charged generally is not admissible, one instance where such evidence is admissible is where it is independently probative and relevant to establish intent. *State* v. *Turcio,* 178 Conn. 116, 129, 422 A.2d 749 (1979). Under a charge of possession with intent to sell, the fact that in the past the defendant had been

a seller of the drug would tend to characterize the nature of his possession of the drug at the time of the alleged offense.

There remains for consideration the question of the sentence to be imposed. Had the trial court properly treated the three heroin charges as parts of a single offense a conviction on the greater offense would have made it unnecessary for the jury to consider the lesser included offenses. It thus becomes necessary for the judgment to be modified[2] so as to reflect only a sentence of not less than five nor more than ten years' imprisonment on the greater offense, sale by a non-drug-dependent person.

Accordingly, the case must be remanded for the modification of the judgment in accordance with this opinion.

There is error in part, the judgment is set aside and the case is remanded with direction to render judgment as on file except that the sentence imposed shall be modified in accordance with this opinion.

In this opinion the other judges concurred.

---

[2] The judgment in this case is confusing. In addition to the concurrent sentences imposed on the heroin counts, the court also imposed one-year concurrent sentences on two other counts. Adding up all of the concurrent sentences yields an effective sentence of eight to fourteen years. The judgment, however, called for "an effective sentence of not less than 8 nor more than 16 years." This does not comport with the rest of the judgment which called for concurrent sentences. Obviously if concurrent sentences were imposed, the total effective sentence should have been eight to fourteen years.