STATE OF CONNECTICUT *v.* MICHAEL MARSALA
(2077)
(2078)

TESTO, HULL and DUPONT, Js.

Argued January 5—decision released May 8, 1984

*Jon C. Blue,* for the appellant (defendant).

*C. Robert Satti, Jr.,* assistant state's attorney, for the appellee (state).

TESTO, J. On December 8, 1982, the defendant was charged with the crimes of harassment in violation of General Statutes § 53a-183 (a) (3), threatening in violation of General Statutes § 53a-62 (a) (2), and tampering with a witness in violation of General Statutes § 53a-151. An additional charge of criminal mischief in the third degree in violation of General Statutes § 53a-117 (a) (1) (A) was filed by the state in a substitute information. For purposes of trial, the two cases were consolidated.

The jury found the defendant guilty of three of the charges: harassment, threatening and criminal mischief. The court imposed consecutive sentences, the total effective sentence being 180 days suspended after 90 days, and a sentence of probation for two years. From the judgment of conviction, the defendant appeals.[1] The defendant raises two issues: (1) whether his conviction of both harassment and threatening placed him twice in jeopardy for the same offense; and (2) whether the evidence presented was sufficient to sustain the conviction of criminal mischief in the third degree.

The facts are not in dispute and are stated as follows: In March and April of 1982, while the daughter of John and Rita Nichols was living at her parents' home in Trumbull, she received numerous phone calls from the defendant. As a result of these calls, she filed a complaint with the Trumbull police department.

On April 2, 1982, patrolman Raymond Baldwin, Jr., responded to a call to the defendant's house. While there, he checked with headquarters and was informed that a warrant for harassment was outstanding against the defendant. On that basis, he arrested the defendant who was subsequently released at 8:55 p.m. At approximately 9:15 p.m. on that same day, Rita Nichols answered a phone call at her home. A voice which she identified as the defendant's said, "You had me arrested. You're dead."[2] She hung up the phone, informed John Nichols what had transpired, and he immediately telephoned the police and then filed a written complaint at police headquarters.

---

[1] This appeal was originally filed in the Appellate Session of the Superior Court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c).

[2] In its statement of facts, the state added the following: Rita Nichols testified that the defendant telephoned many times on April 2, 1982, between 9 and 9:30, but that she did not remember every time the defendant called.

Shortly thereafter, Rita Nichols heard a crash in the living room but did not get up to investigate it because she was too frightened. When her husband returned, he went outside of the house, but saw no one in the vicinity of the house. He called the police again and together with a police officer discovered that the picture window in the living room had been broken and a stone was lying on the ground next to it. After the officer left, the phone rang and a voice, identified by John Nichols as that of the defendant, said, "How do you like your window?" As a result of this latter incident, the state filed the additional charge of criminal mischief.

In his first claim on appeal, the defendant argues that it was constitutionally impermissible to convict him of both harassment[3] and threatening,[4] because harassment is a lesser included offense and the convictions therefore constitute a violation of the prohibition against double jeopardy. U.S. Const., art. V. This claim was first raised in this court, but since it involves a question of a fundamental constitutional right, we will consider it. *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973); see also *State* v. *McCall,* 187 Conn. 73, 89, 444 A.2d 896 (1982); *State* v. *Goldson,* 178 Conn. 422, 423, 423 A.2d 114 (1979).

It is undisputed that double jeopardy attaches not only to separate trials but also to multiple punishments for the same offense in a single trial. *Brown* v. *Ohio,* 432 U.S. 161, 165, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977); *State* v. *McCall,* supra; *State* v. *Amaral,* 179 Conn. 239, 242, 425 A.2d 1293 (1979); *State* v. *Goldson,*

---

[3] General Statutes § 53a-183 states in relevant part: "(a) A person is guilty of harassment when: . . . (3) with intent to harass, annoy or alarm another person, he makes a telephone call, whether or not a conversation ensues, in a manner likely to cause annoyance or alarm."

[4] General Statutes § 53a-62 states in relevant part: "(a) A person is guilty of threatening when: . . . (2) he threatens to commit any crime of violence with the intent to terrorize another . . . ."

supra, 423–24. "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger* v. *United States,* 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932); *State* v. *McCall,* supra, 89–90; *State* v. *Goldson,* supra, 424; see *State* v. *Perruccio,* 192 Conn. 154, 162, 471 A.2d 632 (1984).

In applying the prohibition against double jeopardy, we must first determine whether the crimes of harassment and threatening arose out of the same act or transaction. To resolve this issue, we must refer to the language of the information and the bill of particulars. In count one the defendant is charged with having committed the crime of harassment in Trumbull on or about April 2, 1983, and in count two, with having committed the crime of threatening in Trumbull on or about April 2, 1983. The state revealed in the bill of particulars that both crimes occurred on or about April 2, 1983, over various telephone lines involving several phone calls, at or about 9:15 p.m. It also stated that the victims of the crime of harassment were both John and Rita Nichols, and the victim of the threatening was Rita Nichols. The charge of harassment arose out of the numerous phone calls made by the defendant during that evening, while the charge of threatening arose out of the one telephone call to Rita Nichols.[5] We conclude that the crimes did not arise out of the same act or transaction. Since we resolve the first issue in the negative, we do not have to address the second issue, the distinction between the offenses.[6]

[5] The threatening charge stems from the phone call in which the defendant allegedly said, "You had me arrested. You're dead."

[6] Even if we were to consider the second issue, a reading of the statutory provisions of harassment and threatening convinces us that they were two separate and distinct crimes. Each count of the information required

The defendant's second claim challenges the sufficiency of the evidence presented to sustain a conviction of criminal mischief in the third degree in violation of General Statutes § 53a-117.[7] The test which is employed to determine whether the evidence is sufficient to sustain a verdict is whether the trier "could have reasonably concluded, upon the facts established and the reasonable inferences drawn therefrom, that the cumulative effect of the evidence was sufficient to justify the verdict of guilty beyond a reasonable doubt." *State* v. *Scielzo,* 190 Conn. 191, 196, 460 A.2d 951 (1983), quoting *State* v. *Festo,* 181 Conn. 254, 259, 435 A.2d 38 (1980); *State* v. *Haddad,* 189 Conn. 383, 387, 456 A.2d 316 (1983). In reviewing the sufficiency of the evidence supporting a jury verdict, this court must construe that evidence in the most favorable manner reasonably possible to support the jury verdict. *State* v. *Scielzo,* supra; *State* v. *Haddad,* supra; *State* v. *Martin,* 189 Conn. 1, 8, 454 A.2d 256 (1983). Each essential element of the crime charged must be established by proof beyond a reasonable doubt, " 'and although it is within the province of the jury to draw reasonable, logical inferences from the facts proven, [it] may not resort to speculation and conjecture.' " *State* v. *Festo,* supra.

We find that, on the evidence presented and the reasonable inferences drawn therefrom, the cumulative

proof of an additional fact which the other did not. See *State* v. *Goldson,* 178 Conn. 422, 425, 423 A.2d 114 (1979). Harassment deals with the intent to annoy over the phone whether or not conversation ensues, whereas threatening has to do with a threat to commit violence with the intent to terrorize another. In the case before us, the crime of harassment is not a lesser included offense of the crime of threatening. See *State* v. *Jacobowitz,* 182 Conn. 585, 591–92, 438 A.2d 792 (1981). Since these two counts do not stand in the relationship of greater and lesser included offenses, the double jeopardy bar is not applicable.

[7] General Statutes § 53a-117 states in relevant part: " (a) A person is guilty of criminal mischief in the third degree when, having no reasonable ground to believe that he has a right to do so, he: (1) Intentionally or recklessly (A) damages tangible property of another . . . ."

effect of the evidence was sufficient to prove that the defendant "intentionally or recklessly" damaged the "tangible property" of John and Rita Nichols in violation of § 53a-117 (a) (1) (A).

There is no error.

In this opinion the other judges concurred.