STATE OF CONNECTICUT *v.* JOHN G. DEVINO, JR.
(11548)

PETERS, C. J., HEALEY, PARSKEY, SHEA and DANNEHY, Js.

Argued November 6, 1984—decision released January 22, 1985

*Dennis M. Buckley,* for the appellant (defendant).

*Catherine J. Capuano,* deputy assistant state's attorney, with whom, on the brief, was *John A. Connelly,* state's attorney, for the appellee (state).

DANNEHY, J. The defendant, John G. Devino, Jr., was convicted by a jury on a substitute information charging him in two counts with possession of cocaine in violation of General Statutes § 19-481 (a)[1] and in the remaining two counts with sale of cocaine in violation of General Statutes § 19-480 (a).[2] He was sentenced on

[1] At the time the alleged offenses were committed, General Statutes § 19-481 (a) provided: "Any person who possesses or has under his control any quantity of any narcotic substance, except as authorized in this chapter, for a first offense, may be imprisoned not more than seven years or be fined not more than three thousand dollars, or be both fined and imprisoned; and for a second offense, may be imprisoned not more than fifteen years, or be fined not more than five thousand dollars, or be both fined and imprisoned; and for any subsequent offense may be imprisoned not more than twenty-five years, or be fined not more than ten thousand dollars, or be both fined and imprisoned." Section 19-481 (a) was transferred and set out as § 21a-279 (a) in 1983.

[2] At the time the alleged offenses were committed, General Statutes § 19-480 (a) provided: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or

each count to the custody of the commissioner of correction for concurrent terms of one to four years. On appeal, the defendant contends that this procedure violated the double jeopardy prohibition of multiple punishments for the same offense. He further contends that a portion of the trial court's instruction to the jury was erroneous. Neither contention is persuasive.

The essential facts are undisputed. On September 4, 1980, Ralph Brown, an undercover police officer, went to the Waterbury green with an informant, Gary Genovese, to investigate reports of illegal drug trade there. Genovese saw the defendant at the green and introduced him to Brown. After inquiry by Brown, the defendant agreed to sell him a gram of cocaine for $120. Brown, Genovese and the defendant traveled in Brown's car to the Waterbury apartment complex where the defendant said his supplier of drugs lived. The defendant entered the apartment building alone while the others waited in the car, and soon returned with two glassine bags of cocaine. The cocaine and the money were exchanged and after the purchase the defendant was driven back to the green. A meeting for a second cocaine sale was arranged for the next day. On September 5, 1980, following a similar sequence of events, the defendant sold Brown a second gram of cocaine. The defendant admitted having twice sold cocaine to Brown, but claimed the illegal sales were instigated by Genovese's incessant pleas and promises. Consistent with this theory of the case, the defendant raised a defense of entrapment.

administers to another person any controlled substance which is a hallucinogenic substance, other than marihuana, or a narcotic substance except as authorized in this chapter, for a first offense, shall be imprisoned not more than fifteen years and may be fined not more than three thousand dollars or be both fined and imprisoned and for each subsequent offense, shall be imprisoned not more than thirty years and may be fined not more than five thousand dollars, or be both fined and imprisoned." Section 19-480 (a) was transferred and set out as § 21a-277 (a) in 1983.

The alleged error in the jury instructions concerns the trial court's charge on the defense of entrapment, a defense not of constitutional dimension.[3] The defendant did not except to this charge at trial. Because the trial court's instructions on entrapment neither failed to submit to the jury an essential element of the offense nor constituted plain error, the defendant's claim has not been preserved for review. See *State* v. *Kurvin,* 186 Conn. 555, 561, 442 A.2d 1327 (1982).

The defendant's claim of double jeopardy is also raised for the first time on appeal. Since this claim involves a question of a fundamental constitutional right, it is reviewable under *State* v. *Evans,* 165 Conn. 61, 69–70, 372 A.2d 576 (1973); see *State* v. *Amaral,* 179 Conn. 239, 242, 425 A.2d 1293 (1979); *State* v. *Goldson,* 178 Conn. 422, 423, 423 A.2d 114 (1979).

The double jeopardy clause of the fifth amendment to the United States constitution provides: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." Connecticut common law also secures this right. See *State* v. *Johns,* 184 Conn. 369, 373 n.6, 439 A.2d 1049 (1981). The prohibition of double jeopardy prevents not only multiple trials, but also multiple punishments for the same offense in a single trial. *Brown* v. *Ohio,* 432 U.S. 161, 165, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977); *North Carolina* v. *Pearce,* 395 U.S. 711, 717, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969).[4]

---

[3] General Statutes § 53a-15 provides: "ENTRAPMENT AS DEFENSE. In any prosecution for an offense, it shall be a defense that the defendant engaged in the proscribed conduct because he was induced to do so by a public servant, or by a person acting in cooperation with a public servant, for the purpose of institution of criminal prosecution against the defendant, and that the defendant did not contemplate and would not otherwise have engaged in such conduct."

[4] The defendant argues that the charges and convictions constitute double jeopardy. As the United States Supreme Court has recently explained, however, a claim of double jeopardy in the context of a single trial can arise

Double jeopardy analysis in the context of a single trial is a two-step process. First, the charges must arise out of the same act or transaction. Second, it must be determined whether the charged crimes are the same offense. Multiple punishments are forbidden only if both conditions are met. See *State* v. *Frazier,* 194 Conn. 233, 238, 478 A.2d 1013 (1984).

The first step of this analysis is taken with reference to the information and bill of particulars. *State* v. *Goldson,* supra, 424. The defendant was charged in count one of the information with possession of cocaine at Waterbury on or about September 4, 1980; in count two with sale of cocaine at Waterbury on or about September 4, 1980; in count three with possession of cocaine at Waterbury on or about September 5, 1980; and in count four with sale of cocaine at Waterbury on or about September 5, 1980. The bill of particulars revealed that the September 4, 1980 crimes both occurred at approximately 2:35 p.m., that the September 5, 1980 crimes both occurred at approximately 1:05 p.m., and that all of the crimes took place at or near the Washington Hill Apartments. The crimes arose out of the defendant's two meetings with an undercover police officer and two sales to that officer of cocaine. Each pair of possession and sale charges thus arose from a single act or transaction. We therefore turn to the second step of the analysis.

The classic test for whether offenses are the same within the meaning of the double jeopardy clause "where the same act or transaction constitutes a violation of two distinct statutory provisions . . . is

only from the imposition of multiple punishments. The prosecution and submission to a jury of multiple charges arising from the same offense is not itself unconstitutional. See *Ohio* v. *Johnson,* 467 U.S. 493, 104 S. Ct. 2536, 2541, 81 L. Ed. 2d 425 (1984).

That the defendant's sentences were equal and concurrent does not foreclose the possibility that their imposition violated the double jeopardy clause. See *State* v. *Amaral,* 179 Conn. 239, 243–44, 425 A.2d 1293 (1979).

whether each provision requires proof of a fact which the other does not." *Blockburger* v. *United States,* 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932); see *Brown* v. *Ohio,* supra, 166–67. We apply this test with reference to the charging documents. See *State* v. *McCall,* 187 Conn. 73, 90, 444 A.2d 896 (1982); *State* v. *Truppi,* 182 Conn. 449, 468, 438 A.2d 712 (1980), cert. denied, 451 U.S. 941, 101 S. Ct. 2024, 68 L. Ed. 2d 329 (1981).

The defendant was charged in the information and bill of particulars with illegal possession of cocaine as defined by General Statutes § 19-481 (a) and illegal sale of cocaine as defined by General Statutes § 19-480 (a). Because one may possess narcotics without selling them, a conviction for illegal sale of narcotics requires proof of a fact that a conviction for illegal possession does not. Because one may either possess narcotics legally yet sell them illegally or sell narcotics without possessing them; see *State* v. *Brown,* 163 Conn. 52, 62–63, 301 A.2d 547 (1972); a conviction for illegal possession of narcotics requires proof of a fact that a conviction for illegal sale does not. The crimes of which the defendant was convicted were different offenses[5]

---

[5] The realities of the illegal drug trade help emphasize the difference between possession and sale of narcotics. "Distribution and possession are distinct criminal offenses, not only in terms of the length of time each lasts, but also in terms of what particular stage of drug trafficking each represents." *State* v. *Davis,* 68 N.J. 69, 82, 342 A.2d 841 (1975). See *Albrecht* v. *United States,* 273 U.S. 1, 11, 47 S. Ct. 250, 71 L. Ed. 505 (1927). Nor does the fact that these two offenses are often committed in tandem prevent their being separately proscribed and punished. As the United States Supreme Court recognized in the context of federal narcotics laws, "[t]he fact that an offender violates by a single transaction several regulatory controls devised by Congress as means for dealing with a social evil as deleterious as it is difficult to combat does not make the several different regulatory controls single and identic [for double jeopardy purposes.]" *Gore* v. *United States,* 357 U.S. 386, 389, 78 S. Ct. 1280, 2 L. Ed. 2d 1405 (1958).

and, therefore, the punishments the defendant received did not place him in double jeopardy.[6]

There is no error.

In this opinion the other judges concurred.

---

[6] We note that even if offenses are the same under *Blockburger* v. *United States,* 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), the legislature may nevertheless explicitly authorize multiple punishments for their commission without violating the prohibition of double jeopardy. See *Ohio* v. *Johnson,* 467 U.S. 493, 104 S. Ct. 2536, 2541 n.8, 81 L. Ed. 2d 425 (1984); *Missouri* v. *Hunter,* 459 U.S. 359, 367–68, 103 S. Ct. 673, 74 L. Ed. 2d 535 (1983). Because the offenses of illegal possession of narcotics and illegal sale of narcotics are different offenses under *Blockburger,* we need not determine whether the statutes at issue contain legislative authorization of multiple punishments.