STATE OF CONNECTICUT *v.* JOSEPH WILLIAMS
(4986)

HULL, DALY and BIELUCH, Js.

Argued May 13—decision released September 8, 1987

*G. Douglas Nash,* assistant public defender, with whom, on the brief, was *Joette Katz,* public defender, for the appellant (defendant).

*Susann E. Gill,* deputy assistant state's attorney, with whom, on the brief, was *Arthur C. Hadden,* assistant state's attorney, for the appellee (state).

BIELUCH, J. The defendant appeals from his judgment of conviction rendered in accordance with the jury's verdict of guilty on the following charges: possession of narcotics with intent to sell or dispense in violation of General Statutes § 21a-277 (a);[1] possession of narcotics in violation of General Statutes § 21a-279 (a);[2]

[1] "[General Statutes] Sec. 21a-277. (Formerly Sec. 19-480). PENALTY FOR ILLEGAL MANUFACTURE, DISTRIBUTION, SALE, PRESCRIPTION, DISPENSING. (a) Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any controlled substance which is a hallucinogenic substance other than marihuana, or a narcotic substance, except as authorized in this chapter, for a first offense, shall be imprisoned not more than fifteen years and may be fined not more than fifty thousand dollars or be both fined and imprisoned and for each subsequent offense, shall be imprisoned not more than thirty years and may be fined not more than one hundred thousand dollars, or be both fined and imprisoned."

[2] "[General Statutes] Sec. 21a-279. (Formerly Sec. 19-481). PENALTY FOR ILLEGAL POSSESSION. SUBSTITUTION OF MEDICAL TREATMENT FOR CRIMINAL SANCTIONS. (a) Any person who possesses or has under his control any quantity of any narcotic substance, except as authorized in this chapter, for a first offense, may be imprisoned not more than seven years or be fined not more than fifty thousand dollars, or be both fined and imprisoned; and for a second offense, may be imprisoned not more than fifteen years, or be fined not more than one hundred thousand dollars, or be both fined and

possession of marihuana in violation of General Statutes § 21a-279 (c);[3] and possession of drug paraphernalia in violation of General Statutes § 21a-267 (a). He claims in this appeal that his convictions on the first and second counts for possession of narcotics with intent to sell and possession of narcotics, respectively, violate the federal and state prohibitions against double jeopardy. He also challenges the sufficiency of the evidence to support the jury's finding in the third count that the defendant possessed the marihuana found in the bedroom dresser. Finally, the defendant claims that the court's use of examples to illustrate the element of possession constituted an illegal expansion of that element. We find error.

The jury could reasonably have found the following facts: On June 27, 1985, at approximately 12:30 p.m., several members of the New Haven police department executed a search warrant for an apartment at 11 Northwest Drive, New Haven. The apartment was rented to Alexis Laing, who lived there with the defendant and her son.

One of the officers executing the warrant, Fredrick Hurley, knocked on the door of the apartment and, after hearing no response, entered through the front door. Upon his entry, he immediately went to the mas-

---

imprisoned; and for any subsequent offense, may be imprisoned not more than twenty-five years, or be fined not more than two hundred fifty thousand dollars, or be both fined and imprisoned."

[3] "[General Statutes] Sec. 21a-279. (Formerly Sec. 19-481). PENALTY FOR ILLEGAL POSSESSION. SUBSTITUTION OF MEDICAL TREATMENT FOR CRIMINAL SANCTIONS. . . . (c) Any person who possesses or has under his control any quantity of any controlled substance other than a narcotic substance, or a hallucinogenic substance other than marihuana or who possesses or has under his control less than four ounces of a cannabis-type substance, except as authorized in this chapter, may be fined not more than one thousand dollars, or be imprisoned not more than one year, or be both fined and imprisoned; and for a subsequent offense may be imprisoned not more than five years, or fined not more than three thousand dollars or be both fined and imprisoned."

ter bedroom on the second floor. There he found the defendant alone, lying naked on the bed, and wearing only a pair of socks. The defendant was seen rising from a reclining position on the bed. The only occupant of the apartment at that time was the defendant.

On the bed, approximately at an arm's length from the defendant, was a sandwich bag box from which protruded a plastic bag containing what was determined to be cocaine. A search of the sandwich bag box uncovered a smaller plastic bag containing cocaine, seventeen small tin foil packets or envelopes of cocaine, and two glassine bags. One of the glassine bags contained quinine and procaine. The second glassine bag contained a mixture of heroin, cocaine and quinine.

A further search of the bedroom yielded three manila envelopes containing marihuana. These envelopes were found in the top drawer of the dresser. Other items seized from the top of the dresser included razor blades, small manila envelopes, a roll of aluminum foil, a set of measuring spoons, cigarette rolling paper and a small grinder or strainer. In the first floor kitchen, aluminum foil, bottles of inositol, and a cent-o-gram scale were seized by the police.

The total amount of narcotics seized was as follows: 79.72 grams (2.81 ounces) of cocaine; 80 milligrams (.10 ounce) of heroin; and 4.97 grams (.17 ounce) of marihuana.

The defendant was arrested and subsequently charged in four counts as follows: count one, possession of narcotics, to wit, cocaine, with intent to sell, a violation of General Statutes § 21a-277 (a); count two, possession of narcotics, to wit, heroin, a violation of General Statutes § 21a-279 (a); count three, possession of marihuana, a violation of General Statutes § 21a-279 (c), and count four, possession of drug paraphernalia, a viola-

tion of General Statutes § 21a-267 (a). He pleaded not guilty to the charges and elected to be tried by a jury.

At the close of the state's case, the defendant made an oral motion requiring the state to elect between the first and second counts of the information, arguing that it was a violation of double jeopardy to convict and sentence the defendant for both possession of a narcotic substance with intent to sell, and possession of a narcotic substance. The trial court denied the motion. At that time, the defendant also moved for a judgment of acquittal, arguing that the evidence was insufficient to establish that the defendant had in-hand possession of the narcotics and marihuana or exclusive possession of the apartment in which they were found. This motion was also denied. Thereafter, the defendant presented his evidence and the case was submitted to the jury, which rendered a verdict of guilty on all four counts. The defendant was sentenced accordingly.

## I

### DOUBLE JEOPARDY

The defendant's first claim on appeal is that his conviction on count one, possession of narcotics with intent to sell, and on count two, possession of narcotics, violates the federal and state prohibitions against double jeopardy and the right to due process. A claim of double jeopardy which is adequately supported by the record is reviewable under the doctrine of State v. Evans, 165 Conn. 61, 327 A.2d 576 (1973). See, e.g., State v. Devino, 195 Conn. 70, 73, 485 A.2d 1302 (1985); see also State v. Kitt, 8 Conn. App. 478, 485, 513 A.2d 731, cert. denied, 202 Conn. 801, 518 A.2d 648 (1986) (double jeopardy violation recognized as plain error). We find this claim is proper for an Evans review.

"The double jeopardy clause of the fifth amendment to the United States constitution provides: 'nor shall

any person be subject for the same offense to be twice put in jeopardy of life or limb.' Connecticut common law also secures this right. See *State v. Johns,* 184 Conn. 369, 373 n.6, 439 A.2d 1049 (1981). . . . Double jeopardy analysis in the context of a single trial is a two-step process. First, the charges must arise out of the same act or transaction. Second, it must be determined whether the charged crimes are the same offense. Multiple punishments are forbidden only if both conditions are met. See *State v. Frazier,* 194 Conn. 233, 238, 478 A.2d 1013 (1984)." *State v. Devino,* supra, 73–74.

For the first step of this analysis, we look at the state's information. Counts one and two of the information charge the defendant with violations of General Statutes §§ 21a-277 (a) and 21a-279 (a), respectively, and allege criminal conduct of the defendant at approximately 12:30 p.m., on June 27, 1985. There can be no doubt that the offenses for which the defendant was charged and convicted arose out of the same act of possession of the two narcotic substances simultaneously at the same time and place. See *State v. Devino,* supra, 74.

The state argues that the narcotics violations alleged in counts one and two do not constitute the same act or transaction because count one referred to the possession and sale of cocaine, and count two referred to the possession of heroin. We note, however, that there is no indication that the legislature intended to authorize multiple punishment for the simultaneous possession of more than one narcotic.[4] *State v. Rawls,* 198 Conn. 111, 121, 502 A.2d 374 (1985). Although the crimes of possession and possession with intent to sell both prohibit illegal transactions involving narcotic sub-

---

[4] "The definition of 'narcotic substance' in General Statutes . . . § 21a-240 (30), expressly includes both cocaine and heroin." *State v. Rawls,* 198 Conn. 111, 120 n.6, 502 A.2d 374 (1985).

stances, a prosecutor may not create one offense of each from a single transaction by particularizing various narcotic substances in separate counts. Id., 120. We find, therefore, that this distinction relied upon by the state is insufficient to base a finding that the two offenses were not the same act or transaction.

"With respect to the second condition, 'where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.' *Blockburger* v. *United States,* 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932). In making this determination, we look only to the information and the bill of particulars. *State* v. *Troynack,* 174 Conn. 89, 96–97, 384 A.2d 326 (1977). 'The test for determining whether one violation is a lesser included offense in another violation is whether it is possible to commit the greater offense, in the manner described in the information or bill of particulars, without having first committed the lesser. If it is possible, then the lesser violation is not an included crime.' *State* v. *Brown,* 163 Conn. 52, 61–62, 301 A.2d 547 (1972). Viewed schematically, a lesser included offense is a concentric circle within the greater offense whereas separate but overlapping offenses may be seen as intersecting circles." *State* v. *Amaral,* 179 Conn. 239, 242–43, 425 A.2d 1293 (1979).

Applying this test to the crimes for which the defendant was convicted, we conclude that a person could not commit the greater offense of possession of a narcotic substance with the intent to sell without, likewise, having committed the lesser offense of simple possession. *State* v. *Amaral,* supra, 243; see *State* v. *Goldson,* 178 Conn. 422, 423 A.2d 114 (1979) (conviction of possession of heroin and of transportation of heroin violated the constitutional prohibition against double jeopardy);

see also *State* v. *Nieves,* 186 Conn. 26, 438 A.2d 1183 (1982) (possession of narcotics treated as lesser included offense of possession with intent to sell); cf. *State* v. *Devino,* supra, 75 (conviction for possession of narcotics and for illegal sale of narcotics not a violation of double jeopardy; one may either possess narcotics legally yet sell them illegally or sell narcotics without possessing them).

"[E]ven if offenses are the same under *Blockburger* v. *United States,* [supra], the legislature may nevertheless explicitly authorize multiple punishments for their commission without violating the prohibition of double jeopardy. See *Ohio* v. *Johnson,* 467 U.S. 493, 499 n.8, 104 S. Ct. 2536, 81 L. Ed. 2d 425 (1984); *Missouri* v. *Hunter,* 459 U.S. 359, 367–68, 103 S. Ct. 673, 74 L. Ed. 2d 535 (1983)." *State* v. *Devino,* supra, 76 n.6.

We find nothing on the face of these two criminal statutes, nor have the parties indicated the existence of any legislative history that indicates the legislature's intent to provide multiple punishments for simple possession of narcotics and possession with intent to sell. The state's argument to the contrary notwithstanding, "[u]nless a clear intention to fix separate penalties for each [offense] involved is expressed, the issue should be resolved in favor of lenity and against turning a single transaction into multiple offenses." *State* v. *Rawls,* supra, 122.

Because the crimes of possession of narcotics, and possession with intent to sell constitute parts of a single offense; *State* v. *Amaral,* supra, 245; and there is no expression of legislative intent that the crimes warrant separate punishment, the defendant's conviction on both counts violated the constitutional and common law prohibitions against double jeopardy.

There remains for our consideration of this issue the proper scope of our remand. Had the trial court prop-

erly treated the charges of possession with intent to sell and simple possession as greater and lesser included offenses, respectively, it would have made it unnecessary in this case for the jury to consider the lesser offense after finding guilt on the greater. Double jeopardy would have been precluded. We now must circumscribe our order of remand for the trial court to render the proper judgment of conviction and sentence.

The Supreme Court in *State* v. *Rawls,* supra, after finding duplicitous convictions of possession of cocaine and possession of heroin, set aside the judgment on the latter possession of narcotics count.

In *State* v. *Amaral,* supra, 245, after holding that the three heroin charges were parts of a single offense, the court found it "necessary for the judgment to be modified so as to reflect only a sentence of not less than five nor more than ten years imprisonment on the greater offense, sale by a non-drug-dependent person." After finding that the crime of possession of heroin was a lesser included offense of the crime of transportation of heroin, the court in *State* v. *Goldson,* supra, 427, remanded the case with direction to render judgment for the defendant on the first count of the information charging him with such possession of heroin. This court in *State* v. *Stellato,* 10 Conn. App. 447, 457, 523 A.2d 1345 (1987), set aside the judgment of conviction on the lesser of the duplicitous counts and remanded with direction to render judgment of not guilty on that charge. In *State* v. *Kitt,* supra, 490, the direction was given to the trial court to exercise its discretion and set aside the conviction on either of the two conspiracy counts of unequal severity and to render judgment that the defendant was not guilty on that count.

In *Ball* v. *United States,* 470 U.S. 856, 105 S. Ct. 1668, 84 L. Ed. 2d 740 (1985), the United States

Supreme Court held that the vacating of a duplicitous federal criminal conviction by the district court was the only remedy consistent with the congressional intent against multiple punishments. Id., 864. "One of the convictions, as well as its concurrent sentence, is unauthorized punishment for a separate offense. See *Missouri* v. *Hunter,* 459 U.S. 359, 368 [103 S. Ct. 673, 74 L. Ed. 2d 535] (1983). The second conviction, whose concomitant sentence is served concurrently, does not evaporate simply because of the concurrence of the sentence. The separate *conviction,* apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored. For example, the presence of two convictions on the record may delay the defendant's eligibility for parole or result in an increased sentence under a recidivist statute for a future offense. Moreover, the second conviction may be used to impeach the defendant's credibility and certainly carries societal stigma accompanying any criminal conviction. . . . Thus, the second conviction, even if it results in no greater sentence, is an impermissible punishment." (Emphasis in original; citations omitted.) *Ball* v. *United States,* supra, 864–65.

Following the reasoning of *Ball* v. *United States,* supra, we conclude that multiple convictions for the same offense constitute impermissible punishment under the prohibition against double jeopardy. The defendant's conviction on the lesser included offense of possession of narcotics, in violation of General Statutes § 21a-279 (a), which was contained in the second count must therefore be set aside by the trial court and judgment rendered for the defendant on that count. See *Ball* v. *United States,* supra; *State* v. *Rawls,* supra, 122; *State* v. *Amaral,* supra; *State* v. *Goldson,* supra; *State* v. *Stellato,* supra; *State* v. *Kitt,* supra.

## II

### SUFFICIENCY OF EVIDENCE OF POSSESSION

The defendant's second claim is that the evidence was insufficient to support the jury's verdict of guilty on count three, possession of marihuana in violation of General Statutes § 21a-279 (c).[5] " 'In reviewing such a claim, we view the evidence, as we have repeatedly stated, with a view toward sustaining the verdict of the jury. *State* v. *Scielzo,* 190 Conn. 191, 196, 460 A.2d 951 (1983). In order to prove illegal possession of a narcotic substance, it is necessary to establish that the defendant knew the character of the substance, knew of its presence and exercised dominion and control over it. . . . Where the defendant is not in exclusive possession of the premises where the narcotics are found, "it may not be inferred that [the defendant] knew of the presence of the narcotics and had control of them, unless there are other incriminating statements or circumstances tending to buttress such an inference." ' " (Citations omitted.) *State* v. *Vilalastra,* 9 Conn. App. 667, 673, 521 A.2d 170, cert. granted, 203 Conn. 806, 525 A.2d 521 (1987).[6]

It is clear from the evidence that the defendant was not in exclusive possession of the premises where the

---

[5] See footnote 3, supra. Our review of the defendant's challenge to the sufficiency of the evidence is still governed by the principles announced in *State* v. *Rutan,* 194 Conn. 438, 479 A.2d 1209 (1984). See *State* v. *Smith,* 9 Conn. App. 330, 334, 518 A.2d 956 (1986).

The defendant does not challenge the sufficiency of the evidence as to his convictions on counts one, two and four.

[6] The state's petition to the Supreme Court for certification limited to the issues of (1) whether the Appellate Court erred in imposing on the state the burden of proving harmlessness beyond a reasonable doubt with respect to erroneous rulings on evidence, and (2) whether the trial court erred in admitting opinion testimony of trained and experienced police officers concerning possession of narcotics with intent to sell, was granted. See *State* v. *Vilalastra,* 203 Conn. 806, 525 A.2d 521 (1987).

marihuana was found. There were, however, other incriminating circumstances which support the inference that the defendant constructively possessed the marihuana found in the top dresser drawer. It is undisputed that the room where the marihuana was located was the bedroom of the defendant, which he shared with Laing. Aside from the double bed, the dresser from which the marihuana was seized was the only piece of furniture in the room. The officer who discovered the marihuana testified that the top drawer in which he found the substance also contained men's jewelry. The defendant was found lying on the bed, at an arm's length from a large quantity of cocaine. Furthermore, the police discovered over $1000 in the defendant's wallet, which was on the dresser, and over $300 in the defendant's socks, which he was wearing at the time. On the basis of this evidence, the jury's conclusion that the defendant knew of the presence of the marihuana and exercised control over it was reasonable.

## III

### JURY INSTRUCTIONS

The defendant further claims that the court's use of examples in its instructions to the jury on the element of possession erroneously expanded the scope of this element. The defendant relies upon the following examples of possession given by the court during its charge: "I possess, for example, this book on the desk in front of me, even though it actually belongs to the State of Connecticut, simply because it is before me and subject to my control and dominion. I also possess a briefcase which happens to be in my chambers because it is also under my control. I possess my car, which is out in the parking lot, because it is also under my control. I also possess furniture and other items in my home, even though I am not actually there now, for the same reason; because they are under my control and domin-

ion. . . . Now, sometimes more than one person may possess the same item. This is known as joint possession. For example, the furniture in my home or in someone's home might be jointly owned by husband and wife."[7] " ' "In considering whether an illustration is fair or prejudicial, it is necessary to consider the instructions as a whole and all the facts and circumstances surrounding the trial and shown by the evidence, such as the complexity or simplicity of the issues and the multiplicity of facts." *Luteran* v. *United States,* 93 F.2d 395, 401 (8th Cir. 1937), cert. denied, 303 U.S. 644, 58 S. Ct. 642, 82 L. Ed. 1103 (1938).' " *State* v. *Stepney,* 191 Conn. 233, 248, 464 A.2d 758 (1983), cert. denied, 465 U.S. 1084, 104 S. Ct. 1455, 79 L. Ed. 2d 772 (1984).

The defendant's first contention is that the examples given by the court refer to the proximity of the item possessed and the person deemed to have possession of such item. The defendant claims that such examples were contrary to the limitation upon constructive possession set forth in *State* v. *Alfonso,* 195 Conn. 624, 633, 490 A.2d 75 (1985).

In *State* v. *Alfonso,* supra, 634–35, the court held that the mere presence of marihuana in the kitchen of an apartment shared by the defendant and two other persons did not support the inference that the defendant knew of its presence or exercised dominion and control over it. The court held that additional evidence, circumstantial or supportive, was required to warrant such an inference.

We find nothing in the trial court's charge which is contrary to *State* v. *Alfonso,* supra, or which could have reasonably misled the jury on the element of possession. Nowhere in the trial court's instructions was the

---

[7] The examples of possession given by the trial court are identical to those upheld on appeal in *State* v. *Hill,* 201 Conn. 505, 513 n.5, 523 A.2d 1252 (1986), and *State* v. *Williams,* 169 Conn. 322, 335 n.2, 363 A.2d 72 (1975).

jury told that it may infer possession merely because the defendant was in close proximity to the narcotics. To the contrary, the jury was instructed that "where the defendant is not in exclusive possession of the premises where the narcotics are found, it may not be inferred that he knew of the presence of the narcotics and had control over them unless there are other incriminating circumstances tending to buttress such an inference." Considering the instructions as a whole, we find that the jury was charged correctly on the element of possession in accordance with the holding of *State* v. *Alfonso,* supra. See *State* v. *Stepney,* supra.[8]

The defendant further alleges that the trial court erred by not cautioning the jury that the examples given during its instructions are only examples, and that they must determine guilt or innocence by following the jury instructions as a whole. See *State* v. *Stepney,* supra, 247–48. At trial, the defendant took no exception to the court's charge on this basis. We shall not, therefore, review this claim further, other than to note that the failure to caution the jury in this case does not constitute plain error. See Practice Book § 4061.

There is error in part, the judgment as to count two, possession of narcotics in violation of General Statutes

---

[8] The defendant's further claim that the court erred in instructing the jury, by way of example, that the book on the bench was possessed by the trial judge because it was in front of him and "*subject to* my control and dominion." (Emphasis added.) The defendant alleges that the use of the phrase "subject to" undercuts the statutory definition of "possession" which requires that a person "have physical possession or otherwise to exercise dominion or control. . . ." General Statutes § 53a-3 (2). Although we recognize that being "subject to" one's control or dominion may, in certain contexts, be legally distinguishable from the actual exercise of control or dominion, the defendant's distinction is drawn with a fine line. Viewing the charge as a whole, we do not find that the jury could reasonably have been misled by the court's statement. See *State* v. *Hill,* 201 Conn. 505, 513–17, 523 A.2d 1252 (1986) (defining the term "possess" and upholding the court's use of examples identical to those in the present case).

§ 21a-279 (a) is set aside and the case is remanded to the trial court with direction to render judgment that the defendant is not guilty on that count.

In this opinion the other judges concurred.