STATE OF CONNECTICUT *v.* FRED CHARLES KNIGHT
(10463)

DUPONT, C. J., HEIMAN and FREEDMAN, Js.

Argued September 29—decision released December 15, 1992

*Neal Cone,* assistant public defender, with whom, on the brief, were *G. Douglas Nash,* public defender, for the appellant (defendant).

*Jack W. Fischer,* deputy assistant state's attorney, with whom, on the brief, were *Eugene J. Callahan,* state's attorney, and *Warren Murray,* assistant state's attorney, for the appellee (state).

FREEDMAN, J. By substitute information, the defendant was charged with "sale of narcotics by [a] non-drug-dependent person" in violation of General Statutes § 21a-278 (b).[1] In its bill of particulars filed on the same day, the state alleged that the defendant "did possess with intent to sell a narcotic substance" in violation of General Statutes § 21a-278 (b). After the trial court instructed the jury on the elements of possession of narcotics with intent to sell, the jury returned its verdict finding the defendant guilty as charged in the information of "sale of narcotics by a non-drug-dependent person." On appeal, the defendant claims that the trial court improperly (1) accepted the guilty verdict for illegal sale of narcotics, and (2) instructed the jury on the elements of possession of narcotics with intent to sell. We agree and reverse the judgment of conviction of sale of narcotics by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b).[2]

Although neither of the defendant's claims was raised in the trial court, "we conclude that the [defendant's] claims qualify for review under the plain error doctrine. This court 'may in the interests of justice notice plain error not brought to the attention of the trial court.' Practice Book § 4185. 'Such review is reserved for truly

---

[1] General Statutes § 21a-278, entitled "Penalty for illegal manufacture, distribution, sale, prescription or administration by non-drug-dependent person," provides, in subsection (b), for a mandatory minimum sentence for "[a]ny person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with intent to sell or dispense, possesses with intent to sell or dispense, offers, gives, or administers to another person any narcotic substance, hallucinogenic substance other than marihuana, amphetamine-type substance, or one kilogram or more of a cannabis-type substance except as authorized in [Chapter 420b], and who is not at the time of such action a drug-dependent person . . . ."

[2] The defendant's other claims require little discussion. His claim regarding an evidentiary chain of custody objection was withdrawn in his reply brief. His challenge to the court's instruction on the jurors' duties is without merit. A virtually identical claim was rejected in *State* v. *McFadden,* 25 Conn. App. 171, 175–77, 593 A.2d 979, cert. denied, 220 Conn. 906, 593 A.2d 971 (1991).

extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings.' *State* v. *Hinckley,* 198 Conn. 77, 87–88, 502 A.2d 388 (1985); *Hartford Federal Savings & Loan Assn.* v. *Tucker,* 181 Conn. 607, 609, 436 A.2d 1259, cert. denied, 449 U.S. 956, 101 S. Ct. 363, 66 L. Ed. 2d 221 (1980). An important factor in determining whether to invoke the plain error doctrine is whether the claimed error 'result[ed] in an unreliable verdict or a miscarriage of justice.' *State* v. *Hinckley,* supra, 88. This is such a case." *Smith* v. *Czescel,* 12 Conn. App. 558, 563, 533 A.2d 223, cert. denied, 206 Conn. 803, 535 A.2d 1316 (1987).

The jury found the defendant guilty of sale of narcotics. It was never instructed as to that offense. In fact, the trial court never mentioned the word sale in its instructions to the jury. "It is axiomatic that the state is required to prove all the essential elements of the crimes charged beyond a reasonable doubt in order to obtain a conviction. . . . It cannot be considered harmless error for a jury to find an accused guilty without even knowing what are the essential elements of the crimes charged. Put another way, the failure to instruct a jury on an essential element of a crime charged is error because it deprives the defendant of the right to have the jury told what crimes he is actually being tried for and what the essential elements of those crimes are. . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Anderson,* 212 Conn. 31, 36–37, 561 A.2d 897 (1989); *State* v. *Gabriel,* 192 Conn. 405, 414, 473 A.2d 300 (1984).

The state seeks to avoid this conclusion through the application of several general principles of criminal procedure. First, the state contends, because a short form information gives a defendant only minimal data on the offense charged; see *State* v. *Frazier,* 194 Conn. 233,

236, 478 A.2d 1013 (1984); the term "sale" in the information was no more than a generic reference to the statutory offense, General Statutes § 21a-278 (b), and not an allegation as to the manner in which the offense was committed. Next, the state posits, since it is the function of the bill of particulars to limit the state to proving that the defendant committed the offense in the manner described; *State* v. *Thomas,* 210 Conn. 199, 210, 554 A.2d 1048 (1989); it was proper to instruct the jury on possession of narcotics with intent to sell because that is what the state had to prove in order to obtain a conviction under § 21a-278 (b) in light of the bill of particulars. Finally, the state contends, because the jury must have been aware that the information names only the general offense and because the jury must be presumed to have followed the court's instructions on possession of narcotics with intent to sell, the jury verdict was properly one of guilt of possession of narcotics with intent to sell, notwithstanding the use of the "sale" language in the verdict.

Even if we were to accept this somewhat troubling argument, we would nonetheless be compelled to reverse the defendant's conviction. The state's argument is premised on a proper instruction on the charge of possession of narcotics with intent to sell. In its purported instructions on possession of narcotics with intent to sell, however, the court instructed the jury that it could find the defendant guilty if it found (1) that he possessed a substance, and (2) that the substance was a narcotic. In explaining the elements, the trial court did not instruct the jury that the defendant not only had to possess a narcotic substance but had to do so with an intent to sell. "[T]he failure to instruct a jury on an essential element of a crime charged is error because it deprives the defendant of the right to have the jury told what crimes he is actually being tried for and what the essen-

tial elements of those crimes are. . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Anderson,* supra, 36–37.

The judgment is reversed and the case is remanded for a new trial on the charge of sale of narcotics by a person who is not drug-dependent.[3]

In this opinion the other judges concurred.

[3] The substitute information also charged the defendant with possession of a narcotic substance in violation of General Statutes § 21a-279 (a). After instructions on the elements of that offense, the defendant was found guilty as charged. Although the trial court accepted this verdict, it did not sentence the defendant for the possession conviction presumably because the assistant state's attorney informed the court that possession of a narcotic substance is a lesser included offense of the sale conviction. Possession of a narcotic substance, however, is not a lesser included offense of the crime of sale of narcotics. *State* v. *Devino,* 195 Conn. 70, 485 A.2d 1302 (1985); compare *State* v. *Williams,* 12 Conn. App. 225, 232, 530 A.2d 627 (possession of narcotics is a lesser included offense of possession with intent to sell).

"In a criminal proceeding, there is no final judgment until the imposition of a sentence." *State* v. *Ayala,* 222 Conn. 331, 339, 610 A.2d 1162 (1992). Because no final judgment has as yet been rendered with regard to the possession charge, it is not properly part of this appeal.