## STATE OF CONNECTICUT *v.* ISIAH THOMPSON
## (11433)

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and GRILLO, Js.

Argued May 10—decision released August 16, 1983

*Richard E. Arnold,* special public defender, for the appellant (defendant).

*C. Robert Satti, Jr.,* deputy assistant state's attorney, with whom, on the brief, was *Steven Sedensky III,* law student intern, for the appellee (state).

SPEZIALE, C. J. The defendant, Isiah Thompson, was found guilty of burglary in the third degree[1] after a trial to a jury and sentenced to a prison term of three and one-half years. His sole claim on appeal from that judgment is that the trial court erred in limiting his cross-examination of a police officer who had been instrumental in his apprehension and arrest. We find no error.

---

* The state's appeal was dismissed by the Supreme Court on March 9, 1983.

[1] "[General Statutes] Sec. 53a-103. BURGLARY IN THE THIRD DEGREE: CLASS D FELONY. (a) A person is guilty of burglary in the third degree when he enters or remains unlawfully in a building with intent to commit a crime therein.

"(b) Burglary in the third degree is a class D felony."

Officer John Uliano was called as a witness by the state. Although he had been identified by a previous witness as being directly involved in a foot chase and subsequent arrest of the defendant, Uliano's testimony on direct examination was limited to the following facts: The defendant was in custody, charged with burglary; Uliano had searched the defendant at the police station; and Uliano had found a Bulova watch in the defendant's front pants pocket. On cross-examination, the defendant's attorney attempted to elicit details of the arrest from Uliano. The trial court sustained the state's objections to these questions as being beyond the scope of the direct examination.[2]

A defendant's right "to be confronted with [by] the witnesses against him" guaranteed by the sixth and fourteenth amendments to the United States constitution and by article first, § 8 of the Connecticut constitution, includes the right to reasonable cross-examination of those witnesses. See *State* v. *Reed,* 174 Conn. 287,

---

[2] Edited of the legal arguments of counsel, the cross-examination of Officer John Uliano was as follows:

"Cross-examination by Mr. Arnold:

"Q. Now, Officer, your direct testimony is, that you searched the man you apprehended for burglary?

"Mr. Satti [Deputy Assistant State's Attorney]: Objection.

"Mr. Arnold: That was his testimony. [The witness on direct examination actually had said: "I searched a suspect that had been in custody with a burglary."]

"The Court: I'll overrule the objection.

"By Mr. Arnold:

"Q. —that you apprehended for burglary, Your Honor—or Officer?

"A. Yes.

"Q. How is it you came to apprehend this man for burglary?

"Mr. Satti: Objection, outside the scope of direct.

* * * * *

"The Court: . . . I'll sustain your question as being beyond the scope of direct.

"Mr. Arnold: I'm taking exception. Thank you.

"By Mr. Arnold:

"Q. Officer Uliano, you searched this gentleman; correct?

300, 386 A.2d 243 (1978); *State* v. *Villafane,* 171 Conn. 644, 676, 372 A.2d 82 (1976), cert. denied, 429 U.S. 1106, 97 S. Ct. 1137, 51 L. Ed. 2d 558 (1977). The defendant's right to cross-examination, however, is not absolute and is subject to reasonable limitation by the court. *State* v. *Mastropetre,* 175 Conn. 512, 521, 400 A.2d 276 (1978). "The scope of cross-examination is limited by the scope of the direct examination unless there is an attack on the credibility of the witness. *State* v. *Hall,* 165 Conn. 599, 607, 345 A.2d 17 [1973]; *State* v. *Evans,* 165 Conn. 61, 64, 327 A.2d 576 [1973]; *State* v. *Manning,* 162 Conn. 112, 116, 291 A.2d 750 [1971]; *Mendez* v. *Dorman,* 151 Conn. 193, 198, 195 A.2d 561 [1963]; 81 Am. Jur. 2d, Witnesses, § 478." *State* v. *Zdanis,* 173 Conn. 189, 195, 377 A.2d 275 (1977).

"The general rule is that restrictions on the scope of cross-examination are within the sound discretion of the trial judge . . . but this discretion comes into play only after the defendant has been permitted cross-examination sufficient to satisfy the sixth amendment." (Citations omitted.) *State* v. *Gaynor,* 182 Conn. 501, 508, 438 A.2d 749 (1980). As a rule, although the extent of cross-examination is within the trial court's discretion, it should be liberally allowed. *State* v. *Reed,* supra, 299.

---

"A. Yes.

"Q. Why did you search him?

"A. For fruits of the crime.

"Q. What crime?

"A. At—

"Mr. Satti: Objection. Again, outside the scope—

"[Objection sustained; exception noted]

\* \* \* \* \*

"Q. Officer, your testimony on direct examination, you searched this defendant and found a watch on him; is that correct?

"A. Yes.

"Mr. Arnold: No further questions.

"Mr. Satti: No questions, your Honor."

Uliano's testimony on direct examination concerned only his search of the defendant at the police station and his discovery of the Bulova watch during that search. He did state that the defendant was in custody for burglary, but he did not say anything about how he knew this fact or about how the defendant came to be in custody. The defendant's questions of Uliano concerning details of the arrest, which had been made earlier in the day far from the police station, were only indirectly related to the search and seizure about which Uliano testified on direct examination. Had the defendant's questions been designed to attack Uliano's credibility, it would have been a violation of the sixth amendment right to effective assistance of counsel to restrict the cross-examination in this manner. *State* v. *Ouellette,* 190 Conn. 84, 102–103, 459 A.2d 1005 (1983); *State* v. *Gaynor,* supra; *State* v. *Zdanis,* supra, 195. The defendant did not claim to the trial court, however, that the questions pertained to credibility. The court was therefore acting well within its discretion in limiting the scope of the cross-examination to the scope of the direct examination, and it does not appear that an injustice has been done. "If the defendant wished to extend the scope of his cross-examination beyond that covered in direct examination, he should have made the witness his own." *State* v. *Hall,* supra, 607.

There is no error.

In this opinion the other judges concurred.