## STATE OF CONNECTICUT *v.* DWIGHT K. FULLWOOD
(11245)

PETERS, C. J., HEALEY, DANNEHY, SANTANIELLO and COVELLO, Js.

Argued November 14, 1985—decision released April 1, 1986

*John R. Williams,* with whom, on the brief, were *Sue L. Wise* and *Beth Merkin,* law student intern, for the appellant (defendant).

*Robert J. Enright,* special assistant state's attorney, with whom were *Carl Schuman,* assistant state's attorney, and, on the brief, *John M. Bailey,* state's attorney, and *Edward F. Spinella,* former assistant state's attorney, for the appellee (state).

SANTANIELLO, J. After a trial by jury, the defendant, Dwight Fullwood, was found guilty of sexual assault in the first degree in violation of General Stat-

utes § 53a-70[1] and was sentenced to a term of not less than four nor more than eight years. He appeals claiming that the court, by prohibiting him from effectively impeaching the complaining witness on cross-examination, violated his state and federal constitutional rights to confrontation. We find no error.

The jury could reasonably have found the following facts. On July 28, 1979, the victim spent most of the evening in the company of some friends visiting an acquaintance at his apartment. During the course of the evening she drank some wine. After her companions left, she remained with her host until he fell asleep. She then left the apartment and decided to walk to her home on Franklin Avenue where she was living with her mother and brothers. While she was walking home, a man subsequently identified as the defendant drove up and offered her a ride. He asked her if she "wanted to smoke a joint" before she went home. She agreed, and they drove to his apartment in East Hartford. Upon arrival at the parking area near his apartment, he asked her to "come upstairs with him," but she resisted and said she wanted to wait for him in the car. He grabbed her and forcibly brought her upstairs.

Once in the apartment, the defendant undressed himself. The victim testified that before she knew it, "he had me by my hair, and he was trying to make me give him oral sex." She tried to escape, but the defendant picked her up, covered her mouth, and dragged her into the bathroom. He undressed her and told her that he wanted them to shower together. He got into the shower, but when she screamed, he struck her twice

---

[1] "[General Statutes] Sec. 53a-70. SEXUAL ASSAULT IN THE FIRST DEGREE: CLASS B FELONY: ONE YEAR NOT SUSPENDABLE. (a) A person is guilty of sexual assault in the first degree when such person compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person."

in the face, dragged her into the bedroom and raped her. After he had left the room, she grabbed a towel, covered herself and ran from the apartment. A woman in a nearby apartment offered help and called the police. Later that night at the police station, the victim positively identified the defendant as the man who had raped her. At trial, she again made a positive identification of the defendant.

On direct examination, the victim testified that she was presently residing with her mother on Franklin Avenue in Hartford, when, in fact, she was being held at the Niantic correctional center. During cross-examination, defense counsel made an offer of proof outside of the presence of the jury in which he alleged that the witness had lied about her residence. He requested permission to impeach her credibility using the "lie," but the state objected claiming that she had testified truthfully and that her incarceration was irrelevant to the issue of credibility. The court sustained the objection and restricted cross-examination accordingly.

The defendant's sole claim on appeal is that the trial court, by prohibiting the defendant from attempting to impeach the complaining witness on cross-examination on the topic of the witness' address, violated his constitutional rights as guaranteed by the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. "Although it was not raised at trial, we will address this claim because 'the Sixth Amendment's right of an accused to confront the witnesses against him is . . . a fundamental right . . . .' *Pointer* v. *Texas*, 380 U.S. 400, 403, 85 S. Ct. 1065, 13 L. Ed. 2d 923 (1965); *State* v. *King,* 187 Conn. 292, 309, 445 A.2d 901 (1982); *State* v. *Reardon,* 172 Conn. 593, 376 A.2d 65 (1977); see *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973)." *State* v. *Rawls,* 198 Conn. 111, 114 n.4,

502 A.2d 374 (1985). The defendant claims that his counsel was precluded from showing that the victim had "lied" on direct examination and that this issue was relevant to the witness' credibility and motive to testify.

" 'The main and essential purpose of confrontation is *to secure for the opponent the opportunity of cross-examination*. . . .' " (Emphasis in original.) *Davis* v. *Alaska,* 415 U.S. 308, 315–16, 94 S. Ct. 1105, 39 L. Ed. 2d 347 (1974), quoting 5 Wigmore, Evidence (3d Ed. 1940) § 1395, p. 123. The defendant's right to confrontation is preserved, if, through cross-examination, defense counsel is "permitted to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness." *Davis* v. *Alaska,* supra, 318. " 'The defendant's right to cross-examination . . . is not absolute and is subject to reasonable limitation. . . .' *State* v. *Thompson,* 191 Conn. 146, 148, 463 A.2d 611 (1983). 'Every evidentiary ruling which denies a defendant a line of inquiry to which he thinks he is entitled is not constitutional error.' *State* v. *Vitale,* 197 Conn. 396, 403, 497 A.2d 956 (1985)." *State* v. *Jackson,* 198 Conn. 314, 318–19, 502 A.2d 865 (1986). The trial court may, for instance, properly exclude inquiry on cross-examination where the evidence is irrelevant or immaterial. *State* v. *Jackson,* supra, 318; *State* v. *Reed,* 174 Conn. 287, 303–304, 386 A.2d 243 (1978).

We turn first to the defendant's argument that he should have been permitted to cross-examine the victim to show that she had lied in her direct testimony. The victim's testimony on direct examination concerning her residence was as follows:

"Q. And where do you presently live *in Hartford?*

"A. [On] Franklin Avenue.

"Q. And who do you live there with?

"A. My mother.

"Q. Do you live there with anyone else besides your mom?

"A. My brothers." (Emphasis added.)

The defendant claims that he wanted to cross-examine her on where she lived to show the jury that she actually lived in Niantic at the time. He claims that this line of inquiry was relevant to the issue of credibility. Our reading of the record indicates, however, that the witness responded truthfully to the questions that were posed. It was reasonable for the witness to have said that she lived in Hartford for two reasons. First, Hartford was her primary residence. A college student asked about where he or she lived would ordinarily respond with a home address and not with a temporary dormitory address. Likewise, a traveling salesman if asked that same question, would provide his home address and not his temporary hotel address. Second, she was asked where she lived "in Hartford." Her answer, "[On] Franklin Avenue" was an appropriate response. Thus, when the trial court ruled that defense counsel could not pursue the issue on cross-examination, it was merely excluding irrelevant inquiry concerning her residence that had no bearing on her credibility. Such a limitation on cross-examination is not violative of the defendant's constitutional right to confrontation.

The defendant also argues that the trial court erred in restricting inquiry into the victim's residence because her incarceration was probative of her motive to testify. He claims that she may have testified against him in order to gain favorable treatment in the pending prosecution against her.

We recognize that cross-examination concerning motive, interest or bias is a matter of right and may not be unduly restricted. *State* v. *Milum,* 197 Conn. 602, 609, 500 A.2d 555 (1985); *State* v. *Vitale,* supra, 402. If the defendant does not specifically request cross-examination on the issue of motive, interest or bias, however, he may waive his right to confront the witness on those issues. See *State* v. *Rawls,* 198 Conn. 111, 119, 502 A.2d 374 (1985). This is so because he cannot be heard to complain when he chose not to cross-examine the witness in this respect. *State* v. *Reed,* 174 Conn. 287, 300, 386 A.2d 243 (1978).

During trial, the defendant had the opportunity to cross-examine the victim extensively on her motive to testify, but he never raised the issue. In argument to the court during his offer of proof, the defendant did not question the witness' motive, and the court's ruling on the matter did not preclude the defendant from later raising the issue. When the witness mentioned during cross-examination that she was in Niantic prior to trial, the defendant clearly had the opportunity to pursue the point, yet he chose not to.[2] Under the circumstances, we conclude that the defendant waived his right to confront the witness on this issue. See *State* v. *Rawls,* supra, 118, *State* v. *Reed,* supra.

There is no error.

In this opinion the other judges concurred.

---

[2] The witness' references to Niantic were as follows:

"Q. Is your memory better today than it was the other day?

"A. Yes.

"Q. Why?

"A. Because I put a lot of thoughts in it. I was thinking about it in Niantic.

\* \* \*

"Q. Did you talk to anyone yesterday?

"A. No. Yes. At Niantic. They asked me what I had to go to court for, and I said a rape charge."