STATE OF CONNECTICUT *v.* THELBERT E. MOYE
(13595)

PETERS, C. J., HEALEY, SHEA, CALLAHAN and GLASS, Js.

Argued December 12, 1989—decision released February 27, 1990

*Donald D. Dakers,* public defender, for the appellant (defendant).

*Julia D. Dewey,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Elpedio Vitale,* assistant state's attorney, for the appellee (state).

CALLAHAN, J. The defendant, Thelbert E. Moye, was charged in a substitute information with sexual assault in the first degree and kidnapping in the first degree. He was convicted, by a jury, of sexual assault in the

third degree in violation of General Statutes § 53a-72a[1] and of kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (A).[2] The trial court sentenced him to an effective term of imprisonment of twelve years, execution suspended after three years, and five years of probation. The defendant appealed, claiming that the trial court erred when it restricted the scope of the defendant's cross-examination of the victim. We find no error.

The victim testified to the following. While she was walking home on Grand Avenue in New Haven on the evening of January 13, 1988, she noticed that she was being followed by a man, whom she later identified as the defendant. The defendant grabbed her from behind and forced her to a secluded area. There she struggled to escape, but the defendant slapped her, threatened to beat her and ripped her clothing. The defendant also told the victim that he had a gun and that he would shoot her, if necessary. He then knocked her to the ground, pulled off her pants and had sexual intercourse with her.

Later, intent on leaving the area and fearful that the defendant might kill her, the victim coaxed him into accompanying her back to her apartment. On the way,

[1] "[General Statutes] Sec. 53a-72a. SEXUAL ASSAULT IN THE THIRD DEGREE: CLASS D FELONY. (a) A person is guilty of sexual assault in the third degree when such person (1) compels another person to submit to sexual contact (A) by the use of force against such other person or a third person, or (B) by the threat of use of force against such other person or against a third person, which reasonably causes such person to fear physical injury to such person or a third person, or (2) engages in sexual intercourse with another person whom such person knows to be related to such person within any of the degrees of kindred specified in section 46b-21.

"(b) Sexual assault in the third degree is a class D felony."

[2] General Statutes § 53a-92 (a) (2) (A) provides: "KIDNAPPING IN THE FIRST DEGREE. (a) A person is guilty of kidnapping in the first degree when he abducts another person and when . . . (2) he restrains the person abducted with intent to (A) inflict physical injury upon him or violate or abuse him sexually."

she told the defendant that she wanted to stop at a local bar for a drink. When she entered the bar, she found a friend in whom she confided that the defendant had attempted to rape her. Her friend immediately reported the incident to police officers who happened to be parked outside. By the time the victim went outside and gave a description of her assailant to the police, however, the defendant had fled the immediate vicinity. The victim then rode about the neighborhood in the police car to search for her assailant. When she saw him and identified him to the officers, he was apprehended and arrested.

The victim also testified that when she gave her initial statements to the police, because she was too embarrassed, she never told them that the defendant actually had sexual intercourse with her. The day after the incident, however, she told a friend that she had indeed been raped. The victim never sought medical care nor was she physically injured by the defendant.

The following facts are pertinent to the defendant's claim on appeal. On August 10, 1988, the state served on the victim a subpoena requiring her to appear and testify at a pretrial hearing. When she failed to appear, the trial court granted the state's request to issue a capias. The victim was subsequently arrested, pursuant to the capias, detained and brought to court to testify at the pretrial hearing.

At trial, the defendant attempted to cross-examine the victim concerning her failure both to respond to the subpoena and to appear at the pretrial hearing. When the state objected to this line of questioning, defense counsel claimed that the victim's failure to appear in court, after a subpoena had been issued requiring her to do so, affected her credibility because it showed that she was afraid she might perjure herself. The trial court sustained the objection on the

ground that the victim's failure to respond to a subpoena was not relevant to her credibility and therefore was not admissible evidence.[3]

On appeal, the defendant asserts that the trial court erred by prohibiting him from cross-examining the victim concerning: (1) her reluctance to respond to a subpoena and to testify; and (2) her arrest pursuant to a capias and her detention until she testified at the pretrial hearing. As to his first claim, the defendant argues that the trial court: (1) impermissibly restricted his constitutionally guaranteed right of confrontation;[4] and

---

[3] At trial, the following colloquy occurred:

"The Court: Counsel, want to put your arguments on the record please?

"Mr. McDermott: Your Honor, I intend to show that [the victim] failed to acknowledge a subpoena she was issued for last Wednesday, Thursday and Friday by the State's Attorney. On Friday Mr. Vitale asked that a capias be issued by [t]his court to have [the victim] brought into court via police and an arrest. Whereupon she was arrested I believe Friday evening, spent the weekend in jail. And until Friday before she testified finally in the hearing. And her testimony was germane to that hearing, the hearing couldn't go forward. The trial was held up. It was the first time she was going to testify. And I think that that bears on the issue of credibility. . . . I think credibility is a key fact in this case. The mere fact that [the victim]—

"The Court: Her failure to appear affects her credibility.

"Mr. McDermott: That's my opinion yes, Your Honor.

"The Court: How?

"Mr. McDermott: And I believe it shows that she was worried about perjuring herself through the fact that she had, through the authorities changed her statement some two weeks ago. . . .

"The Court: How does her failure to appear, could you articulate that more? Failure to appear affects the credibility. And of course if it's appropriate for credibility, it's a 6th Amendment right and confrontation, certainly he would be entitled to it. How does it affect her credibility?

"Mr. McDermott: She had a legal duty via the subpoena. And in fact she was told by the State's Attorney that her testimony would be necessary in this action. And she understood her obligation to come forward. And in fact she chose to ignore the subpoena, thereupon a capias had to be issued. Which I think is really an extreme type of action. And one that is not done often, as Your Honor had pointed out when he issued the capias. So I think this is something more than the usual instance."

[4] It is impossible to determine whether defense counsel raised this issue under the sixth amendment to the United States constitution or article first, § 8 of the Connecticut constitution, or both. We therefore assume that the

(2) abused its discretion when it ruled that the proffered evidence was irrelevant to the victim's credibility. We disagree.

The confrontation clause gives the accused the right "to be confronted with the witnesses against him." U.S. Const., amend. VI. " 'Cross-examination to elicit facts tending to show motive, interest, bias and prejudice is a matter of right and may not be unduly restricted.' *State* v. *Wilson,* 188 Conn. 715, 720, 453 A.2d 765 (1982)." *State* v. *Oehman,* 212 Conn. 325, 330, 562 A.2d 493 (1989); *State* v. *Milum,* 197 Conn. 602, 609, 500 A.2d 555 (1985); *State* v. *Vitale,* 197 Conn. 396, 402, 497 A.2d 956 (1985); *State* v. *Lubesky,* 195 Conn. 475, 482, 488 A.2d 1239 (1985). The confrontation right, however, is not absolute and is subject to reasonable limitation. *State* v. *Vitale,* supra, 401. " '[T]he Confrontation Clause guarantees only "an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." ' *Kentucky* v. *Stincer,* 482 U.S. 730, 739 [107 S. Ct. 2658, 96 L. Ed. 2d 631] (1987), quoting [*Delaware* v. *Fensterer,* 474 U.S. 15, 20, 106 S. Ct. 292, 88 L. Ed. 2d 15 (1985)] (emphasis added); *Delaware* v. *Van Arsdall,* 475 U.S. 673, 679 [106 S. Ct. 1431, 89 L. Ed. 2d 674] (1986); *Ohio* v. *Roberts,* 448 U.S. 56, 73 n.12 [100 S. Ct. 2531, 65 L. Ed. 2d 597] (1980)." *United States* v. *Owens,* 484 U.S. 554, 559, 108 S. Ct. 838, 98 L. Ed. 2d 951 (1988). A trial judge, without violating a defendant's rights guaranteed under the confrontation clause, thus has broad discretion to impose reasonable limits on cross-examination on the basis of concerns that the testimony is only marginally relevant. *Delaware* v. *Van Arsdall,* supra.

---

defendant is raising his claim under the sixth amendment to the United States constitution, as applied to the states in *Pointer* v. *Texas,* 380 U.S. 400, 403, 85 S. Ct. 1065, 13 L. Ed. 2d 923 (1965).

It is clear from the record that the trial court afforded the defendant wide latitude to cross-examine the victim. In fact, the victim's failure to respond to the subpoena was the only subject broached by the defendant that he was not allowed to pursue on cross-examination. During cross-examination the victim told the jury that, while she was now testifying that the defendant had actually raped her, she had previously told the police officers that the defendant had only attempted to rape her. She also admitted, prior to the state's objection, that she did not appear at the pretrial hearing even though she was aware that she had been subpoenaed to do so. The defendant further impeached the victim's veracity by eliciting from her an admission that she had forged her name to a check and had attempted to cash it.

"Every evidentiary ruling which denies a defendant a line of inquiry to which he thinks he is entitled is not constitutional error." *State* v. *Vitale,* supra, 403. The defendant on cross-examination "took full advantage of the opportunity afforded him 'to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness.' *Davis* v. *Alaska,* 415 U.S. 308, 318, 94 S. Ct. 1105, 39 L. Ed. 2d 347 (1974)." *State* v. *Pittman,* 209 Conn. 596, 603, 553 A.2d 155 (1989). The constitutional standard was therefore satisfied.

Furthermore, we cannot say, as claimed by the defendant, that the trial court abused its discretion by ruling that the evidence was irrelevant. Once the defendant had been given an opportunity to cross-examine the witness sufficient to satisfy the confrontation clause, it was within the sound discretion of the trial judge to restrict the scope of further cross-examination. *State* v. *Milum,* supra, 609; *State* v. *Vitale,* supra, 402. A trial judge is accorded "broad dis-

cretion to determine both the relevancy and remoteness of evidence. . . . Only upon a showing of a clear abuse of discretion will this court set aside on appeal rulings on evidentiary matters." *Dunham* v. *Dunham,* 204 Conn. 303, 324, 528 A.2d 1123 (1987). A trial judge may properly exclude questions, the relevancy of which appears to be slight and inconsequential and which would distract the jury from the main issues in the case. *State* v. *Talton,* 197 Conn. 280, 284–85, 497 A.2d 35 (1985); *State* v. *Mahmood,* 158 Conn. 536, 540, 265 A.2d 83 (1969).

Our conclusion finds further support in the record that reflects that, before ruling definitively, the trial judge gave the defendant an opportunity to explain why the victim's failure to appear in answer to the subpoena affected her credibility. The defendant merely claimed that "it shows that she was worried about perjuring herself through the fact that she had, through the authorities changed her statement . . . . " The defendant also argued that the victim had a legal duty to appear, yet she chose to ignore the subpoena. The defendant made no other offer of proof to substantiate his claim. In view of the fact that the victim had already testified that she had changed her story, the defendant's assertions did little, if anything, to clarify how his proposed line of questioning would further undermine her credibility. Furthermore, on cross-examination, the victim had admitted that she had not appeared at the pretrial hearing even though she knew she was required to do so. Listening to the defendant's offer of proof, the trial court could reasonably have concluded that further inquiry into the reasons underlying the victim's failure to respond to the subpoena would not appreciably have assisted the trier of fact. On this record, we cannot say that the trial court abused

its discretion by restricting the scope of cross-examination on this subject.[5]

On appeal, the defendant appears to assert a second ground for his contention that the trial court impermissibly restricted his constitutional right of confrontation. He now claims that he had wanted to cross-examine the victim as to the possible impact on her testimony not only with respect to her failure to appear, but also with respect to her arrest and subsequent detention. The defendant, for the first time, asserts that the victim's arrest and subsequent detention until her testimony had been elicited at the pretrial hearing also had a direct bearing on her credibility. Such a proposed line of questioning, however, was not adequately brought to the attention of the trial court.[6] Because he claims that his constitutional right to confrontation was involved, the defendant presumably seeks review under *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973).

---

[5] If the defendant's basis for asserting that the failure to appear when ordered to do so pursuant to a subpoena in itself shows a lack of credibility because the victim violated a legal duty to appear, his argument is not persuasive. Defense counsel may not cross-examine a witness concerning collateral bad acts unless they involve veracity. *State* v. *Perry,* 195 Conn. 505, 523, 488 A.2d 1256 (1985). "Whether to permit cross-examination as to particular acts of misconduct to show a lack of veracity lies largely within the discretion of the trial court. *Vogel* v. *Sylvester,* 148 Conn. 666, 675–76, 174 A.2d 122 (1961)." *State* v. *Vitale,* 197 Conn. 396, 401, 497 A.2d 956 (1985); *State* v. *Avis,* 209 Conn. 290, 304, 551 A.2d 26 (1988), cert. denied, 489 U.S. 1097, 109 S. Ct. 1570, 103 L. Ed. 2d 937 (1989); *State* v. *Orsini,* 187 Conn. 264, 268, 445 A.2d 887, cert. denied, 459 U.S. 861, 103 S. Ct. 136, 74 L. Ed. 2d 116 (1982). The mere fact that the witness did not respond, without more, to a subpoena cannot be said to establish a lack of veracity. See *State* v. *Perry,* supra. As discussed above, on the basis of this record we cannot conclude that the trial court abused its discretion by restricting the scope of cross-examination.

[6] On appeal, we will not review an evidentiary claim not raised below. " ' "Once counsel states the authority and ground of his objection, any appeal will be limited to the ground asserted." *Borucki* v. *MacKenzie Bros. Co.,* 125 Conn. 92, 3 A.2d 224 (1938); *State* v. *Rado,* 172 Conn. 74, 81, 372 A.2d 159 (1976) [cert. denied, 430 U.S. 918, 97 S. Ct. 1335, 51 L. Ed. 2d

"[A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail." (Emphasis in original.) *State* v. *Golding,* 213 Conn. 233, 239–40, 567 A.2d 823 (1989). "It is the appellant's responsibility to provide this court with a record adequate to review his claim of error. *State* v. *Anderson,* 209 Conn. 622, 633, 553 A.2d 589 (1989); *State* v. *Crumpton,* 202 Conn. 224, 231, 520 A.2d 226 (1987)." *State* v. *Carpenter,* 214 Conn. 77, 86, 570 A.2d 203 (1990). "If the facts revealed by the record are insufficient, unclear or ambiguous as to whether a constitutional violation has occurred, we will not attempt to supplement or reconstruct the record, or to make factual determinations, in order to decide the defendant's claim." *State* v. *Golding,* supra, 240.

The defendant has failed to establish an adequate record for us to review his constitutional claim. Nothing in the record suggests that the defendant attempted to cross-examine the victim on the impact of her arrest

598 (1977)]; *State* v. *Johnson,* 166 Conn. 439, 444–45, 352 A.2d 294 (1974); *Salvatore* v. *Hayden,* 144 Conn. 437, 443, 133 A.2d 622 (1957).' *State* v. *Adams,* 176 Conn. 138, 144–45, 406 A.2d 1 (1978); see also Practice Book [§ 4185]. 'To assign error in the court's evidential ruling on the basis of objections never raised at the trial amounts to trial by ambuscade of the trial judge. *State* v. *DeGennaro,* 147 Conn. 296, 304, 160 A.2d 480, cert. denied, 364 U.S. 873, 81 S. Ct. 116, 5 L. Ed. 2d 95 [1960]. . . .' " *State* v. *Brice,* 186 Conn. 449, 457, 442 A.2d 906 (1982); *State* v. *Croom,* 166 Conn. 226, 231, 348 A.2d 556 (1974).

and detention. A defendant cannot claim a confrontation clause violation regarding an issue on which he chose not to cross-examine the witness. *State* v. *Fullwood,* 199 Conn. 281, 286, 507 A.2d 85 (1986). " '[T]he decision whether to cross-examine a witness is almost always a . . . tactical one.' *State* v. *Clark,* 170 Conn. 273, 286, 365 A.2d 1167 [cert. denied, 425 U.S. 962, 96 S. Ct. 1748, 48 L. Ed. 2d 208 (1976)]. When a party chooses not to cross-examine a witness in order to avoid the possibility of eliciting harmful testimony, his right to confront and cross-examine that witness as guaranteed by the sixth and fourteenth amendments of the United States constitution is in no way abridged." *State* v. *Villafane,* 171 Conn. 644, 676, 372 A.2d 82 (1976), cert. denied, 429 U.S. 1106, 97 S. Ct. 1137, 51 L. Ed. 2d 558, overruled in part on other grounds, *State* v. *Stepney,* 191 Conn. 233, 464 A.2d 758 (1983), cert. denied, 465 U.S. 1084, 104 S. Ct. 1455, 79 L. Ed. 2d 772 (1984); *State* v. *Reed,* 174 Conn. 287, 300, 386 A.2d 243 (1978).

There is no error.

In this opinion the other justices concurred.