## STATE OF CONNECTICUT *v.* RICHARD COOKE
### (14893)

Dupont, C. J., and Landau and Heiman, Js.

Argued June 11—officially released September 3, 1996

*Stanley A. Twardy, Jr.*, filed a brief for the appellant (defendant).[1]

*Rita M. Shair*, assistant state's attorney, with whom were *Donald A. Browne*, state's attorney, and, on the brief, *Cornelius P. Kelly*, assistant state's attorney, for the appellee(state).

LANDAU, J. The defendant, Richard Cooke, appeals from the judgment of conviction, rendered after a jury trial, of two counts of forgery in the second degree in violation of General Statutes § 53a-139 (a) (1)[2] and one count of forgery in the third degree in violation of Gen-

---

[1] Defense counsel did not appear at the scheduled argument date.

[2] General Statutes § 53a-139 (a) provides in pertinent part: "A person is guilty of forgery in the second degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument or issues or possesses any written instrument which he knows to be forged, which is or purports to be, or which is calculated to become or represent if completed: (1) A deed, will, codicil, contract, assignment, commercial instrument or other instrument which does or may evidence, create, transfer, terminate or otherwise affect a legal right, interest, obligation or status . . . . "

eral Statutes § 53a-140 (a).[3] On appeal, the defendant claims that the trial court improperly (1) restricted his constitutional right of confrontation, (2) excluded evidence offered to impeach a state's witness, (3) admitted hearsay testimony and (4) violated his rights guaranteed by the double jeopardy clause. We affirm the judgment of the trial court in part and reverse it in part.

The jury could reasonably have found the following facts. In May, 1990, the defendant attended a real estate closing at the law firm of Duel and Holland in Stamford. The purpose of the closing was to consolidate two loans in the amount of $115,000 with Chase Bank and to secure the loans with a mortgage on the defendant's residence in Fairfield. The defendant owned this property jointly with his wife Mary Alice Cooke (Cooke). The mortgage deed required the defendant's and Cooke's signatures, which had to be witnessed and notarized.

The defendant attended the closing alone. At the closing, the defendant claimed that Cooke was ill and, thus, could not attend the closing to sign the mortgage deed. The defendant requested bank approval to take the mortgage deed to Cooke to sign and then return to the closing. The bank agreed.

The defendant returned to his office in Southport. In the presence of a business associate, Nyles Wheeler, his secretary, Candace Cece, who acted as a notary public, and an unidentified second witness, the defendant signed the mortgage deed on behalf of Cooke. Wheeler and the unidentified party signed the mortgage deed as witnesses and Cece signed and notarized the mortgage deed. Later that same day, the defendant returned to Arthur Duel's office with a signed, wit-

---

[3] General Statutes § 53a-140 (a) provides: "A person is guilty of forgery in the third degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument, or issues or possesses any written instrument which he knows to be forged."

nessed, and notarized mortgage deed. Duel, believing that the mortgage deed was properly executed, accepted the document. At trial, the defendant stipulated that he signed the deed, but insisted that he did so on Cooke's authorization.

In February, 1992, the defendant's marriage to Cooke was dissolved. In November, 1993, Cooke brought a complaint to the Fairfield police department concerning the May, 1990 mortgage deed signed by the defendant. Cooke told the police that she did not sign the mortgage deed and did not authorize the defendant to sign on her behalf. As a result of the subsequent investigation, the state charged the defendant with two counts of forgery in the second degree and one count of forgery in the third degree. At trial, the jury returned a guilty verdict on all counts. This appeal follows.

I

In his first claim, the defendant argues that the trial court improperly restricted the scope of his cross-examination of Fairfield police detective Josh Zabin and Cooke in violation of his sixth amendment right to confrontation. The defendant argues that he was precluded from fully exploring these witnesses' motivation for testifying and their bias against the defendant.

Zabin investigated Cooke's complaint filed in November, 1993, regarding the May, 1990 mortgage deed. Prior to filing this complaint, Cooke had been arrested by the Fairfield police. As a result of that arrest, Cooke filed a lawsuit in federal court against several members of the Fairfield police department. The defendant sought to explore on cross-examination whether Cooke's pending lawsuit had any effect on the manner in which the police conducted the forgery investigation.

The federal constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . .

to be confronted with the witnesses against him . . . ." U.S. Const., amend. VI. A primary interest secured by the sixth amendment's confrontation clause is the right of cross-examination. *Davis* v. *Alaska*, 415 U.S. 308, 315, 94 S. Ct. 1105, 39 L. Ed. 2d 347 (1974). Cross-examination eliciting facts tending to show motive, interest, bias and prejudice is a matter of right and may not be unduly restricted. *State* v. *Lubesky*, 195 Conn. 475, 482, 488 A.2d 1239 (1985).

A defendant's right to cross-examine witnesses, however, is not absolute and is subject to reasonable limitation. *State* v. *Vitale*, 197 Conn. 396, 401, 497 A.2d 956 (1985); *State* v. *Thompson*, 191 Conn. 146, 148, 463 A.2d 611 (1983). "The extent of cross-examination beyond that necessitated by the constitution rests within the discretion of the trial court." *State* v. *Lewis*, 220 Conn. 602, 622, 600 A.2d 1330 (1991). To establish an abuse of discretion, the defendant must show that the restrictions imposed on him were clearly prejudicial. *State* v. *Lewis*, 25 Conn. App. 354, 360, 594 A.2d 489, cert. denied, 220 Conn. 914, 597 A.2d 336 (1991).

"In determining whether a defendant's right of cross-examination has been unduly restricted, we consider the nature of the excluded inquiry, whether the field of inquiry was adequately covered by other questions that were allowed, and the overall quality of the cross-examination viewed in relation to the issues actually litigated at trial. . . ." (Citation omitted; internal quotation marks omitted.) *State* v. *Santiago*, 224 Conn. 325, 331, 618 A.2d 32 (1992).

Applying the foregoing principles to the present case, we conclude that the trial court did not unduly restrict the defendant's cross-examination of Zabin or Cooke. We review the scope of cross-examination of each witness permitted by the trial court in turn.

On cross-examination, Zabin testified that, at the time he investigated Cooke's complaint in March, 1992, he had no knowledge of her prior arrest or of her filing of a lawsuit in federal court against individual members of the Fairfield police department as a result of that arrest. Zabin testified that he became aware of the federal complaint "approximately two or three months" before trial.

The defendant's claim that the police were motivated to pursue the criminal complaint against the defendant to appease Cooke is unsupported. Cooke filed the forgery complaint with the Fairfield police department in November, 1993. The complaint was investigated by Zabin. Zabin was not aware of Cooke's arrest or subsequent lawsuit in November, 1993. Further, Zabin learned of the arrest and lawsuit only "two or three months" before trial. Because Zabin was unaware of Cooke's arrest and subsequent complaint, he could not have been biased or motivated by some ulterior motive in pursuing the forgery complaint against the defendant. Further, the trial court carefully considered the relevancy of the testimony by permitting the defendant to make two offers of proof.

The defendant also conducted an extensive cross-examination of Zabin. On cross-examination the defendant explored Zabin's investigation of the forgery case. The inquiry focused on Zabin's interview with Cece, multiple interviews with the defendant, and Zabin's decision not to interview Wheeler and the unidentified second witness who were both present when the defendant signed the May, 1990 mortgage deed. In reviewing the excluded area of inquiry and the cross-examination in its entirety, we conclude the trial court did not abuse its discretion by limiting the scope of Zabin's cross-examination.

The defendant also claims that the trial court unduly restricted his cross-examination of Cooke. The defend-

ant argues that he was precluded from fully exploring on cross-examination Cooke's bias and motivation for pursuing this action against the defendant. This claim is equally without merit.

On cross-examination, the defendant explored the circumstances surrounding the dissolution of his marriage to Cooke and her subsequent motion for modification of the dissolution agreement. The defendant inquired as to Cooke's arrest in March, 1992, and the basis for filing a lawsuit in federal court as a result of that arrest. The defendant also explored facts surrounding the pending criminal harassment charges filed against Cooke by the defendant.

The defendant was permitted to elicit extensive testimony from Cooke to show her possible bias and motive for testifying against the defendant. The jury heard sufficient testimony to weigh the credibility of Cooke. The trial court, therefore, did not unduly restrict the defendant's cross-examination of Cooke.

II

The defendant claims next that the trial court abused its discretion when it excluded a check offered in evidence to impeach Cooke. The defendant contends that the check was admissible because Cooke established its authenticity by admitting that she signed it.

On direct examination, Cooke testified: "I have never given anyone permission to sign my name to anything ever." The defendant attempted to introduce a check issued by Allstate Insurance Company payable to "Mr. and Mrs. Cooke." The defendant offered the check to impeach the credibility of Cooke and to show that the defendant lacked the requisite "intent to deceive" required under our forgery statutes when he signed the May, 1990 mortgage deed. See General Statutes §§ 53a-139 and 53a-140. There were three signatures on the

back of the check. Paul Fowler, a senior vice president of operations with Allstate, signed the check. Cooke admitted that she signed her name to the check, but stated that the third signature was "illegible." The defendant claims that while they were married they signed each other's names to various documents.

"In determining the admissibility of evidence, '[t]he trial court has broad discretion to determine both the relevancy and remoteness of evidence.' " *State* v. *Coleman*, 35 Conn. App. 279, 285, 646 A.2d 213, cert. denied, 231 Conn. 928, 648 A.2d 879 (1994), quoting *Dunham* v. *Dunham*, 204 Conn. 303, 324, 528 A.2d 1123 (1987). "Evidence is admissible when it tends to establish a fact in issue or to corroborate other direct evidence in the case. One fact is relevant to another fact whenever, according to the common course of events, the existence of the one, taken alone or in connection with other facts, renders the existence of the other either certain or more probable."(Internal quotations marks omitted.) *State* v. *Ulen*, 31 Conn. App. 20, 28, 623 A.2d 70, cert denied, 226 Conn. 905, 625 A.2d 1378 (1993), quoting *State* v. *Boucino*, 199 Conn. 207, 228, 506 A.2d 125 (1986).

"In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Internal quotation marks omitted.) *State* v. *Coleman*, supra, 35 Conn. App. 285.

The defendant argues that if the trial court admitted the check into evidence the jury could have compared the signatures on the Allstate check with other writing exemplars admitted into evidence and concluded that Cooke signed the defendant's name to the check. Conversely, the state contends that the check was not rele-

vant and, thus, not admissible. The state relies on the fact that Cooke testified that the third signature was "illegible" and that the trial court stated it was "difficult to read."

The defendant offered the check as proof that he and Cooke signed each other's names to various documents. Cooke, however, denied that she signed the defendant's name to the check. As a result, the check lacked any probative value. The admission of the check would not have established any fact in issue or corroborated other direct evidence in the case. Thus, the check was not relevant to what the defendant sought to prove. The defendant's contention that the check was admissible because Cooke established its authenticity is irrelevant even assuming that such was the case. Because the trial court ruled that the check was not relevant, the authenticity of the check was never at issue. We conclude, on the basis of our review of the record, that the trial court did not abuse its discretion by excluding the Allstate check.

## III

The defendant next claims that the trial court improperly admitted Cooke's hearsay testimony regarding her liability on the Chase mortgage note.[4]

On redirect examination, Cooke testified that she had been in contact with Chase Bank.[5] Chase Bank informed

[4] On appeal the defendant argues, in addition to a hearsay claim, that the testimony was inappropriate redirect examination because the subject was not raised on cross-examination. Finally, the defendant argues that even if the testimony was admissible it was irrelevant, confusing, and prejudicial. "Appellate review of evidentiary rulings is limited to the specific legal ground raised by the objection of counsel at trial." *State* v. *Goodrum*, 39 Conn. App. 526, 543, 665 A.2d 159, cert. denied, 235 Conn. 929, 667 A.2d 554 (1995); *State* v. *Harrison*, 34 Conn. App. 473, 482, 488, 642 A.2d 36, cert. denied, 231 Conn. 907, 648 A.2d 157 (1994); see also Practice Book §§ 288 and 4185. Thus, we limit our review to the hearsay claim that was the basis for the objection at trial.

[5] The following colloquy took place at trial:

"[Prosecutor]: Mrs. Cooke, you indicated in response to one of [defense

Cooke that she was still liable, in part, on the note. The defendant argues that Cooke's testimony was inadmissible hearsay. The state argues that the testimony was not hearsay, but rather a statement to show Cooke's subjective state of mind and to show the effect that it had on her.

"It is an elementary premise of evidentiary law that a statement made out-of-court that is offered to establish the truth of the facts contained in the statement is hearsay. . . . A statement that is offered to show its effect upon the hearer, however, is not hearsay." (Citations omitted; internal quotation marks omitted.) *State* v. *Robinson*, 213 Conn. 243, 258–59, 567 A.2d 1173 (1989). As an evidentiary claim, the defendant has the burden of showing that the trial court abused its discretion and must also demonstrate the harmful effect of the court's ruling. *State* v. *Rivera*, 220 Conn. 408, 411–12, 599 A.2d 1060 (1991).

The testimony was not offered to establish its truth—whether Cooke was liable on the note—but, rather, to show its effect on Cooke in deciding to file the forgery complaint against the defendant. Statements that are not used to prove the truth of the matter asserted are

counsel's] questions that you had contact with Chase Manhattan Bank with respect to this note.

"[Defense Counsel]: Objection. I never asked any such question.

"[Prosecutor]: She gave a response to that question. I think it should be clarified for the jury.

"The Court: Overrule the objection. There were questions as to her knowledge as to when she first became aware of this transaction. I would allow the question.

"[Prosecutor]: Have you been in touch with Chase Manhattan Bank concerning your liability on this particular note?

"[Cooke]: Yes.

"[Prosecutor]: Are you still liable in some—

"[Defense Counsel]: Objection. It calls for hearsay. It calls for a conclusion.

"The Court: Overrule the objection.

"[Cooke]: Yes."

not hearsay. *State* v. *Cruz*, 212 Conn. 351, 356, 562 A.2d 1071 (1989). We conclude that the testimony was not hearsay and was properly admitted by the trial court. See C. Tait & J. LaPlante, Connecticut Evidence (2d Ed. 1988) § 11.1.3.[6]

## IV

The defendant's final claim of double jeopardy sounds in two parts. First, the defendant argues that his conviction on count one, forgery in the second degree, and on count two, forgery in the second degree, violates the federal prohibition against double jeopardy. Second, the defendant argues that his conviction on count two, forgery in the second degree, and on count three, forgery in the third degree, violates the federal prohibition against double jeopardy. We agree in part and disagree in part.

Although this claim is unpreserved, the defendant argues and the state concedes, that review is warranted pursuant to *State* v. *Evans*, 165 Conn. 61, 327 A.2d 576 (1973), and *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989).[7] We agree that the defendant's double jeopardy claim is reviewable. See *State* v. *Devino*, 195 Conn. 70, 73, 485 A.2d 1302 (1985) (stating that claim of double jeopardy involves fundamental constitutional right).

---

[6] In his brief, the defendant argued that the trial court compounded the error of admitting the hearsay testimony when it incorporated the hearsay testimony into its jury charge. Since we conclude that Cooke's testimony was not hearsay, the trial court did not err by including that testimony in its jury charge.

[7] Under *State* v. *Golding*, supra, 213 Conn. 239–40, the defendant can prevail on an unpreserved claim of constitutional error "only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt."

The double jeopardy clause of the fifth amendment to the federal constitution provides in part: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . . ." "Double jeopardy analysis in the context of a single trial is a two-step process. First, the charges must arise out of the same act or transaction. Second, it must be determined whether the charged crimes are the same offense. Multiple punishments are forbidden only if both conditions are met." (Internal quotation marks omitted.) *State* v. *Chicano*, 216 Conn. 699, 706, 584 A.2d 425 (1990), cert. denied, 501 U.S. 1254, 111 S. Ct. 2898, 115 L. Ed. 2d 1062 (1991).

In *Blockburger* v. *United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932), the United States Supreme Court set forth the test to determine whether two offenses are the same offense for double jeopardy purposes: "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." There is no dispute that these convictions arose from the same act or transaction.

To resolve the defendant's two double jeopardy claims we must determine whether "each provision requires proof of a fact which the other does not." Id. The defendant first argues that his two convictions of forgery in the second degree violate the double jeopardy clause. We disagree.

The defendant was charged in count one of the information with violating § 53a-139 (a) (1),[8] which provides in pertinent part that "a person is guilty of forgery in the second degree when, with intent to . . . deceive . . . another, he falsely . . . completes . . . a written

---

[8] See footnote 2.

instrument . . . ." In count two of the information, the defendant also was charged with violating § 53a-139 (a) (1), which provides further that "[a] person is guilty of forgery in the second degree when, with intent to . . . deceive . . . another, he . . . possesses any written instrument which he knows to be forged . . . [and] represent[s] [it to be a] . . . contract . . . ." Because one count alleged false completion of a written instrument and the second alleged representation that a forged instrument was a properly executed contract, each count requires proof of a fact that the other does not require. The two crimes of which the defendant was convicted were different offenses and, thus, not in violation of the double jeopardy clause.

The defendant next argues that his conviction on count two, forgery in the second degree, and on count three, forgery in the third degree, violates the double jeopardy clause. The state concedes that because the elements of forgery in the third degree must be proven before the defendant can be convicted of forgery in the second degree, it is a lesser included crime of forgery in the second degree. See *State* v. *Williams*, 12 Conn. App. 225, 231–32, 530 A.2d 627 (1987). Pursuant to *State* v. *Chicano*, supra, 216 Conn. 699, the state requested that this court merge the defendant's conviction for forgery in the third degree into his conviction for forgery in the second degree as charged in count two of the information. Because there is nothing on the face of these two criminal statutes indicating that the legislature intended to authorize multiple punishments for these two crimes without violating the double jeopardy clause; see *Ohio* v. *Johnson*, 467 U.S. 493, 499 n.8, 104 S. Ct. 2536, 81 L. Ed. 2d 425 (1984); *Missouri* v. *Hunter*, 459 U.S. 359, 367–68, 103 S. Ct. 673, 74 L. Ed. 2d 535 (1983); we direct the trial court to merge count three into count two.[9]

---

[9] In his brief, the defendant argued that count three, forgery in the third degree, was brought after the statute of limitations had run and was, there-

The judgment is reversed in part and the case remanded with direction to combine the defendant's forgery in the third degree conviction with the forgery in the second degree conviction on count two of the information and to vacate the sentence (unconditional discharge) for his forgery in the third degree conviction. The judgment of the trial court is otherwise affirmed.

In this opinion the other judges concurred.

fore, time barred. See General Statutes § 54-193 (b). Because we conclude that count three is a lesser included offense of count two and, therefore, merges into count two, we decline to review the defendant's claim because it is moot. *State* v. *Smith,* 207 Conn. 152, 178, 540 A.2d 679 (1988).