## STATE OF CONNECTICUT v. ABKNELL MAHON
### (AC 18055)

Foti, Spear and Hennessy, Js.

Argued February 16—officially released May 11, 1999

232

*John T. Walkley*, special public defender, for the appellant (defendant).

*Peter A. McShane*, assistant state's attorney, with whom, on the brief, was *Kevin T. Kane*, state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, Abknell Mahon, appeals from the judgment of conviction, rendered after a jury trial, of sale of a narcotic substance by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b),[1] conspiracy to sell a narcotic substance by a person who is not drug-dependent in violation of General Statutes §§ 53a-48 and 21a-278 (b), and possession of a controlled substance with intent to sell within 1500 feet of a school in violation of General

---

[1] General Statutes § 21a-278 (b) provides in relevant part: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any narcotic substance, hallucinogenic substance other than marijuana, amphetamine-type substance, or one kilogram or more of a cannabis-type substance except as authorized in this chapter, and who is not at the time of such action a drug-dependent person, for a first offense shall be imprisoned not less than five years nor more than twenty years; and for each subsequent offense shall be imprisoned not less than ten years nor more than twenty-five years. . . ."

Statutes § 21a-278a (b).[2] On appeal, the defendant claims that the trial court failed to instruct the jury on an essential element of the charge of sale of a narcotic substance by a person who is not drug-dependent in violation of § 21a-278 (b). We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On March 10, 1998, Detective Carl Caler of the Willimantic police department was assigned to work undercover for the statewide narcotics task force. The target area on that date was the Greenville section of Norwich. Caler proceeded by motor vehicle to Norwich where he met with Bryant Downs and attempted to purchase crack cocaine from him. Downs, however, did not have the narcotics on his person and entered Caler's vehicle and directed him to the basketball courts on Prospect Street, which are approximately 1390 feet from the Greenville Elementary School.

Downs then exited the car, approached the basketball courts and said to the defendant, who was standing there, "Yo, Abe, give me two." The defendant then handed Downs two small packages, which Downs then sold to Caler after a third party vouched for him, confirming that Caler was not a police officer. The two packages purchased contained cocaine.

The defendant's sole claim on appeal is that the trial court improperly charged the jury on the sale of narcot-

[2] General Statutes § 21a-278a (b) provides in relevant part: "Any person who violates section 21a-277 or 21a-278 by manufacturing, distributing, selling, prescribing, dispensing, compounding, transporting with the intent to sell or dispense, possessing with the intent to sell or dispense, offering, giving or administering to another person any controlled substance in or on, or within one thousand five hundred feet of, the real property comprising a public or private elementary or secondary school, a public housing project or a licensed child day care center, as defined in section 19a-77, that is identified as a child day care center by a sign posted in a conspicuous place shall be imprisoned for a term of three years, which shall not be suspended and shall be in addition and consecutive to any term of imprisonment imposed for violation of section 21a-277 or 21a-278. . . . "

ics count by failing to charge that the state was required to prove beyond a reasonable doubt that the defendant knew that the substance that he handed to Downs, which Downs then sold to Caler, was cocaine. Because the defendant neither requested such a charge nor took exception to the charge as given, he has requested review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), or, in the alternative, under the plain error doctrine pursuant to Practice Book § 60-5.

"It is . . . constitutionally axiomatic that the jury be instructed on the essential elements of a crime charged." (Internal quotation marks omitted.) *State* v. *Denby*, 235 Conn. 477, 483, 668 A.2d 682 (1995). A claim that the trial court failed to instruct the jury adequately on an essential element of the crime charged necessarily involves the defendant's due process rights and implicates the fairness of his trial. *State* v. *Anderson*, 212 Conn. 31, 36, 561 A.2d 897 (1989). We will, therefore, review this claim.

The trial court instructed the jury as to the first count of sale of a narcotic substance by explaining that there "are two elements of this crime, each of which must be proven by the state by proof beyond a reasonable doubt. The first element is, one, the defendant sold a substance; two, the substance was cocaine." The trial court then instructed the jury as to the third count charged, possession of a controlled substance with intent to sell within fifteen hundred feet of a school, as follows: "There are five elements. Each of the five elements must be proved by proof beyond a reasonable doubt in order for you to find the defendant guilty. The five elements are [one] the defendant had possession of a substance; two, the substance was cocaine; three, the defendant knew it was cocaine; four, he possessed it with the intent to sell it; and five, the possession with intent to sell occurred within 1500 feet of a school."

The defendant concedes that knowledge is not an expressed statutory element of the crime of sale of narcotics but submits that, impliedly, knowledge must be included as an essential element in the trial court's charge to the jury.

The defendant relies on a number of cases in support of his claim, including *State* v. *Delossantos*, 211 Conn. 258, 277, 559 A.2d 164, cert. denied, 493 U.S. 866, 110 S. Ct. 188, 107 L. Ed. 2d 142 (1989), *State* v. *Goodrum*, 39 Conn. App. 526, 532, 665 A.2d 159, cert. denied, 235 Conn. 929, 667 A.2d 554 (1995), and *State* v. *Johnson*, 26 Conn. App. 779, 784, 603 A.2d 440, cert. denied, 221 Conn. 925, 608 A.2d 690 (1992). Those cases, however, deal with the crime of *possession* of a narcotic substance with the intent to sell, which includes the element of knowledge. See *State* v. *Delossantos*, supra, 277 (to prove illegal possession of narcotic substance, it is necessary to establish that defendant *knew character of substance*).

A person may possess narcotics without intending to sell them, or possess narcotics legally and sell them illegally, or sell narcotics without possessing them, making the crimes different offenses. *State* v. *Devino*, 195 Conn. 70, 75, 485 A.2d 1302 (1985). "The offense of possession of a narcotic substance with intent to sell requires proof that the defendant possessed a narcotic substance. There is no such requirement for the offense of the sale of a narcotic substance." *State* v. *Smart*, 37 Conn. App. 360, 368, 656 A.2d 677, cert. denied, 233 Conn. 914, 659 A.2d 187 (1995).

To prove possession of a narcotic substance, the state must prove beyond a reasonable doubt that the defendant knew of the character of the substance and its presence and exercised dominion and control over it. *State* v. *Delossantos*, supra, 211 Conn. 277. To prove sale of a narcotic substance, the state need not prove

beyond a reasonable doubt that the defendant knew the character of the substance. As stated previously, the state need not prove that the defendant possessed the substance in question. *State* v. *Smart*, supra, 37 Conn. App. 368. The state need prove only that the defendant knowingly sold the substance to another person and that the substance sold was a narcotic.[3]

Because knowledge of the substance[4] is not an essential element of the crime of sale of cocaine, the trial court's instruction was proper. The jury was given a clear explanation of the elements of that crime and proper guidance to determine if those elements were present. The jury was not misled by the charge, which was correct in law and sufficient to guide the jury in the issues presented.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] The state also argues that even if the instruction was improper it was harmless because the trial court instructed the jury on the knowledge requirement as to the third count. The state asserts that by virtue of the guilty verdict on that offense, it is clear that the state proved beyond a reasonable doubt that the defendant had knowledge that the substance sold was cocaine, and that the instructions, read as a whole, presented the case to the jury so that no injustice resulted.

[4] The defendant did not claim lack of knowledge as a defense in the trial court and, therefore, we need not decide what, if any, instructions would be required in such circumstances.